GLASGOW *et al.*, Respondents, v. NICHOLSON, Appellant.

1. Five hogsheads of sugar lying on the wharf of St. Louis were purchased by sample; *held*, that a delivery to the purchaser of the city weigher's certificate and a bill of the price constituted a sufficient delivery of the sugar.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action for the price of a hogshead of sugar alleged to have been sold and delivered to defendant by plaintiffs. The court found the following facts: "That the plaintiffs were the owners of ten hogsheads of sugar, which were on the last day of November, 1854, lying on the wharf of the city of St. Louis; that the defendant purchased five of the said hogsheads by sample at their store, and requested them to have the sugar weighed early next morning. The next morning the hogsheads were weighed by a city weigher. A

3—VOL. XXV.

certificate of the weight and a bill of the price were delivered to the clerks of the defendant, at defendant's store, (the said five hogsheads being still on the wharf,) one of whom stated he would attend to it. On the 2d day of December following, defendant sent his dray for the sugar, but only four hogsheads could be found, which four defendant hauled away and paid for, but refused to pay for the fifth," &c. The court rendered judgment for plaintiff.

*Hart & Jecko*, for appellant.

*Blackwood*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

When goods are so ponderous and bulky that they can not be manually delivered, or when they are not in the personal custody of the seller, the law does not require an actual delivery, but only that they be placed in the power of the purchaser, or that his authority as owner be acknowledged by some formal act or declaration of the seller. The law never insists upon an actual delivery when it would be impracticable. The delivery of the key of the warehouse in which the goods sold are deposited, or the transferring them on the books of the wharfinger or warehouse keeper to the name of the buyer, with mutual consent, or the delivery of the receipt ticket, sale note, or other ordinary evidence of title to goods, in the situation of goods sold, is a sufficient delivery to them. The marking of a bale of goods in a warehouse with the vendee's name is a sufficient delivery to vest title, when the contract is otherwise complete. So, if the vendor show ponderous articles, such as logs lying in a boom, this is a delivery, though the vendee allow them to remain there; for this is the only practical way of making a delivery of such articles, and the law only requires such a delivery as is consistent with the nature of the thing. Ordinarily, the place of delivery is that where the goods are at the time of sale, unless it is shown that the parties otherwise intended. (Story on Cont. 810.)

This is the case of a sale of sugar in hogsheads lying on the wharf. The hogsheads were weighed and marked by the

city weigher of St. Louis, and a certificate of the weights and marks, together with a bill for the sugar, was delivered to the defendant. He admits that he purchased the sugar, and received four out of the five hogsheads — the amount purchased—but denies that the fifth hogshead was ever delivered to him. As the sugar was sold on the wharf, that would be the place of delivery, nothing more appearing. We do not see that more could have been done than was done by the plaintiffs to effect a delivery, and that with the consent of the defendant. The facts proved are as significant of a symbolical delivery as those mentioned in the instances above; and it is clearly shown in the evidence that the means employed were those usually practiced in effecting the delivery of goods sold on the wharf in the city of St. Louis. After a delivery was accomplished, the sugar would be at the risk of the buyer; and if through his inattention or neglect it was lost, he can not be relieved from the payment of the price of it. The other judges concurring, the judgment will be affirmed.