COLLINS v. ATLANTIC & PACIFIC R. R. Co. APPELLANT.

**Railroad**: FORTY-THIRD SECTION: PLEADING: EVIDENCE: NEGLIGENCE. In an action against a railroad company for killing stock the petition alleged that the defendant carelessly and negligently ran its train over the stock, and that the point on the road where this occurred was not at the crossing of any public road or highway, and was at a point where the railroad ran through uninclosed prairie lands, and was not fenced. *Held*, 1st, that the action was based exclusively on the 43rd section of the railroad law ; 2nd, that evidence of negligence in running the train, or evidence to prove that the killing occurred within eighty rods of a public crossing, and that the whistle was not blown or the bell rung, as required by the 38th section, was irrelevant.

*Appeal from the Common Pleas Court of Cass County*—HON. JNO. L. MORRISON, Judge.

*J. N. Litton* for appellant.

The giving of the second instruction was an entire departure from the case made by the petition. The petition was founded upon the statute requiring a fence, and, therefore, any other character of proof or instructions were illegal. 60 Mo. 212, *Cary v. St. L., K. C. & N. R. R. Co.*; 31 Mo. 399, *Quick v. Han. & St. Jo. R. R.*; 31 Mo. 407, *Miles v. Han. & St. Jo. R. R.* This instruction casts loose from the case set up in the petition, and after looking through the statutes finally settles down upon 1 Wag. Stat. 310, § 38, and proceeds to instruct the jury, not upon what will authorize a recovery under the statute on which the petition was framed, or even under the requirements of the common law, but under a separate and distinct statute. giving

a cause of action where none existed at common law; certainly this cannot be the proper practice. 45 Mo. 258, *Kennayde v. Pacific R. R.;* 1 Saund. 135, N. 3; 5 East 244; Saund. Pl. & Ev. 830; 17 Wend. 88, *Bayard v. Smith;* 1 Chitty's Plead. 372; 2nd Chitty's Plead. 504; 26 Mo. 147, *Walther v. Warner.* Instructions as to issues not raised by the pleadings are improper. 43 Mo. 591, *Camp v. Heelan.* No brief was filed for the respondent.

HENRY, J.—This was an action in the Common Pleas court of Cass county to recover damages against defendant for the killing of a mare belonging to him by a train of cars passing over defendant's road. The petition alleges that defendant carelessly and negligently ran its cars, engines and locomotives over the said mare, and that the point on said road where it occurred was not at the crossing of any public road or highway, and was at a point where the road ran through uninclosed prairie lands. and was not fenced. The facts as disclosed by the evidence, and not controverted, are that the mare was killed on defendant's road, about 40 rods from a crossing of a public highway which the train was approaching. That at that point the road ran through uninclosed prairie land and was not fenced. The court permitted plaintiff to prove that the whistle was not blown nor the bell rung on the train, and against defendant's objection admitted evidence in regard to the speed of the train. The court, at the instance of plaintiff, declared the law to be as follows: " *First,* that the defendant, its servants and agents in the control of its train, were bound to use reasonable care in the management of its train to avoid doing injury to stock on its road, and if the court, sitting as a jury, should believe from all the evidence and circumstances proved in evidence, that the defendant, its servants and agents, could by the use of reasonable care and diligence have avoided killing plaintiff's mare, it ought to find a verdict for plaintiff; *second,* although the court may find from the evidence

that said mare did stray upon said railroad at a point where defendants were not bound to fence the road, yet if the court, sitting as a jury, shall believe from the evidence that said mare was on said road of defendant at a point within or less than eighty rods where said railroad crosses a public traveled road or highway, or street in a town, in the direction towards which the said train or locomotive was approaching, and that defendant neglected to ring the bell or sound the whistle on said locomotive from a point eighty rods distant from said crossing, highway or street, and neglected to keep said bell ringing or said whistle sounding at intervals, until said locomotive and train had crossed said public highway or street, and that plaintiff's mare was struck and killed at said point upon defendant's road by defendant's locomotive, cars and engine, within said distance of eighty rods from said crossing, then the court should find for plaintiff, &c." There was a finding and judgment for plaintiff for $125, from which defendant has appealed to this court.

We shall not attempt to consider all the errors presented by this record and discussed in the appellant's brief. The action was evidently based on the 43rd Sect., Art. 2 of the corporation act, and all that plaintiff had to do to make out his case, was to prove that the mare got on the track, at a place on the road where it ran through unin-closed prairie land, and not at a public crossing, and that the sides of the road there were not fenced. Evidence of carelessness in running the train was irrelevant and inadmissible, as was also the evidence to prove that the accident occurred within eighty rods of a public crossing, and that the whistle was not blown, or the bell rung. The suit was under Sec. 43, Art. 2 of the corporation act, and yet the instructions, ignoring the cause of action alleged in the petition, presented the case, the first instruction as an action for negligently killing the mare, and the second as an action under Sec. 38, Art. 2 of the corporation act. The evidence and instructions should have been confined to the

cause of action stated in the petition, and it was error to admit testimony, or give declarations of law in regard to any other. *Wood v. St. L., K. C. & N. R. R. Co.*, 58 Mo. 109; *Tyark v. The Iron Mt. R. Co.*, Ib. R. 48. Judgment reversed and cause remanded. All concur, except HOUGH, J., and NORTON, J., not sitting.

REVERSED.