Turner v. The St. Louis & San Francisco Railway Company, *Appellant.*

76 261
46a 590
76 261
80a 487

1.  **A Judgment** for plaintiff in an action for damage to cattle cannot stand without proof that plaintiff was the owner of the cattle.
2.  **Justices' Courts**: AMENDMENTS. Justices of the peace have power to permit amendments not changing the cause of action.
3.  **Railroads**: DAMAGE TO CATTLE. In an action under section 5 of the Damage Act, or at common law, it is error to give an instruction based on section 43 of the Railroad Law.
4.  ———: ———. In a common law action against a railroad company for injury to cattle, the plaintiff cannot recover without showing negligence on the part of defendant.
5.  **Practice.** An instruction offered in such an action, *Held*, to have been properly refused because among other things, it submitted a question of law to the jury in requiring them to find what was due diligence.

*Appeal from Crawford Circuit Court.*—Hon. V. B. Hill, Judge.

Reversed.

*Jno. O'Day* for appellant.

*E. A. Pinnell* for respondent.

Norton, J.—This suit was instituted before a justice of the peace in and for Boone township, Crawford county, to recover damages for injury to three cows and one steer, the property of plaintiff. Judgment was rendered before the justice for plaintiff, which was appealed from, and on the trial of the cause in the circuit court plaintiff again obtained judgment, from which defendant has appealed.

As a prerequisite to the right of plaintiff to recover, it was necessary to show that she was the owner of the cattle injured. A careful examination of the evidence as preserved in the bill of exceptions fails to dis-

1. A JUDGMENT.

close any evidence tending to show that the said cattle belonged to plaintiff. If such evidence was offered on the trial it is not preserved in the bill of exceptions, and acting upon the record before us, we are of the opinion that the sixth instruction, to the effect that there was no evidence that plaintiff owned the cattle, and that, therefore, she could not recover, should have been given, and that error was committed in refusing it.

There was no error committed by the court in refusing to strike out plaintiff's amended complaint. The jus-
2. JUSTICES' COURTS: tice of the peace was authorized to allow the
amendments.        amendment to be made, and as made it did
not change the cause of action.

The action is either founded on the 5th section of the Damage Act or is an action at common law, and the first
3. RAILROADS: instruction given for plaintiff predicates her
damage to cattle. right to recover on the 43rd section of the
Corporation law. This was erroneous according to the following authorities: 58 Mo. 108; 60 Mo. 212; 65 Mo. 230; 66 Mo. 567.

When stock are killed by the locomotives and cars of a railroad company, the owner, under the 5th section of the
4. ——; ——. Damage Act, is entitled to recover the value
without proof of negligence, unskillfulness or misconduct on the part of the officers, servants or agents of such company, unless such accident occurred on a portion of such road that may be inclosed by a lawful fence or in the crossing of a public highway. If, as plaintiff's counsel insists in his brief, the action is neither founded on the 43rd section, supra, nor the fifth section of the Damage Act, but is a common law action, then the plaintiff, before she can recover, must show that the cattle were injured by the negligence of defendant in running and operating its locomotive and running its train.

There was no error in refusing the first instruction asked by defendant, for the reason that it assumes that de-
5. PRACTICE.        fendant had built a fence at the place where

the cattle were injured, and because it ignores the question, if such fence had in fact been built, of its being a lawful fence, and submits a question of law to the jury in requiring them to find what was due diligence.

As the cause must be remanded it is well to observe that the evidence in the bill of exceptions does not show that the cattle were injured in the township where the suit is brought.

Judgment reversed and cause remanded, in which all concur.