CATHERINE HINCHEY, Appellant, v. WILLIAM F. KOCH, Respondent.

**St. Louis Court of Appeals, November 11, 1890.**

1. **Practice, Appellate:** ABSENCE OF DECLARATIONS OF LAW IN THE TRIAL. In the absence of instructions or any declaration of the law by the trial court, the verdict will not be disturbed, if sustained by substantial evidence; and for determining whether the verdict is erroneous the evidence should be taken most strongly against the party complaining.

2. **Replevin:** DAMAGES. In actions of replevin, whether instituted in a court of record or before a justice of the peace, the value of the property to be assessed is the value at the date of the trial; and any deterioration in the value of the property between the taking thereof under an order of delivery, and the date of the trial, should be allowed as damages for the detention of the property.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Frank A. MacManus*, for appellant.

*Lubke & Muench*, for respondent.

ROMBAUER, P. J.—The defendant is a constable, who, on October 17, 1888, levied an execution against one O'Connell on a buggy, harness and horse found in O'Connell's possession. The execution was for two hundred and fifty dollars and costs, and had been delivered to the defendant on September 27, 1888. On October 27, 1888, the plaintiff instituted the present action, which is one of replevin, and such proceedings were had therein that, upon its trial in the circuit court, the defendant recovered judgment for a return of the property or its ascertained value, which the court found to be ninety dollars, and also for eleven dollars and eighty-five cents damages for its detention.

The cause was tried before the court without a jury, and no instructions were asked or given; hence we are not advised upon what finding of facts the trial court based its decision. No objections were made to the admission or exclusion of evidence. The only questions presented for our consideration by the plaintiff's appeal are narrowed down to these propositions: Has the plaintiff, by irrefragable evidence, shown that she is entitled to recover, or has the defendant given any substantial evidence tending to debar plaintiff's recovery; or has the court erred in the assessment of damages as a matter of law?

Beyond the matters hereinabove stated, there was evidence tending to show the following facts: O'Connell, who was a grocer, was indebted to the plaintiff in the sum of two hundred and forty dollars upon a promissory note for that amount, bearing date, October 8, 1888, and payable two years after date. He executed a chattel mortgage apparently covering all his property on the day of the date of the note, and delivered it the same day to the plaintiff, who had it recorded. It was claimed by the plaintiff that this note and mortgage were mere renewals of a former debt of several years' standing. On the other hand, there was substantial inferential evidence furnished by the plaintiff

herself on her cross-examination, throwing doubt upon the good faith of this transaction ; the evidence showing that the first mortgage and note, if any such existed, had not been surrendered or canceled prior to the execution of the second set of papers, or at any time, and hence that there was no valuable consideration for the second note, and that the additional mortgage securing it was intended as a mere cover of O'Connell's property, taken by the plaintiff with knowledge, on her part, of the outstanding judgment and execution.

These being the facts, the defendant contends that the judgment of the court cannot be disturbed, because it finds support in either of the following propositions : *First.* The execution, under which the levy was made, was delivered to the constable prior to the execution of the mortgage, and hence was, under the provisions of section 6305 of the Revised Statutes of 1889, a prior lien, a mortgagee not being, within the purview of that statute, a vendee or pledgee for value, according to defendant's contention. *Second.* The condition of the mortgage was not broken at the date of the levy, as the mortgage debt was not then due, and the mortgagee was, therefore, not entitled to possession. *Third.* The good faith of the chattel mortgage was an issue in the cause, and there was evidence tending to show that it was not executed in good faith, but with a view of hindering and delaying the creditors under whose execution the defendant made the levy.

Without entering into discussion of the debatable legal propositions above stated, it suffices to say that, under the evidence, the trial court was warranted in finding either way on the question of good faith in the execution of the mortgage. As its decision, for aught that the record discloses, may have been based on the ground that plaintiff's evidence disclosed a want of good faith in the execution of the mortgage, and hence failed to show a valid title in plaintiff as against creditors of O'Connell,

we cannot disturb the judgment on the ground that the evidence fails to support it.

On the question of damages, the record shows the following facts: The statement filed by the plaintiff states the value of the property at seventy-five dollars. O'Connell, who was plaintiff's witness, states the property was, at the date of its seizure by the constable, worth one hundred dollars to him. He also testifies that, at the date of the trial, the horse was worth sixty dollars, the buggy twenty-five dollars and the harness worth eight to ten dollars. He also testifies that, at the date of the defendant's levy the horse was worth seventy-five dollars, or fifteen dollars more than at the date of the trial. It is true that in other parts of his testimony he contradicts these statements, and places the value of these articles much lower, but, in determining whether a verdict is erroneous, because there is no evidence to support it, the evidence should be taken most strongly against the party complaining.

This action was instituted before a justice of the peace. The legal measure of damages in this action before a justice, when the defendant recovers, and the plaintiff is in possession of the property, is the value of the property at the date of trial, and such damages for withholding it *as may be just and proper*. R. S. 1879, sec. 2902. That the value to be ascertained relates to the value at the date of trial, has been decided in *Pope v. Jenkins*, 30 Mo. 528, and reasserted in *Chapman v. Kerr*, 80 Mo. 158, and later cases, and there is no such difference in the statutes providing for these actions in courts of record and before justices of the peace, as to require a different rule in actions instituted in the tribunals last named. Deterioration in value between the time of taking and the day of trial is one of the *just* and *proper* elements of damages for detention of the property. As there was legal evidence in the case that the property was worth more than ninety dollars at the date of trial, and that it had

deteriorated in value more than eleven dollars and eighty-five cents between the date of its taking and the day of trial, we would not be warranted in disturbing the judgment for excess in the damages awarded.

The judgment is affirmed.    All the judges concur.