THE W. W. KENDALL BOOT & SHOE COMPANY, Appellant, v. JESSE F. BAIN et al., Respondents.

Kansas City Court of Appeals, November 9, 1891.

1. **Evidence:** POSSESSION: OPINION OF WITNESS. In an action of replevin, brought by a third party against a sheriff holding goods under a writ of attachment, it is error to permit a witness to testify that, at the levy of the writ, the attachment defendant was in possession of the goods attached, when the undisputed evidence shows that the possession was at that time a mixed question of law and fact, upon which the opinion of the witness did not throw any light.

2. ——: OPINIONS OF WITNESSES. The competency of a witness' opinion rests upon two necessary conditions: That the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time; that the facts upon which the witness is called to express an opinion are such as men in general are capable of comprehending and understanding.

3. **Sales**: DELIVERY : INSTRUCTIONS : LAW AND FACTS. An instruction should not submit to the jury a question of law and fact ; and, when the question submitted relates to a sale and delivery of the goods, the court should outline what facts constitute a sale and delivery, and leave it to the jury to say whether the evidence proved these facts. An instruction as asked, and as modified, is passed upon.

4. **Practice**: REPETITION OF INSTRUCTION. Where an instruction is but a repetition of one given it is properly refused.

5. **Debtor and Creditor**: PREFERENCE : HINDERING AND DELAYING OTHERS: INSTRUCTION. A debtor can prefer a particular creditor by direct payment or assignment, if he does so in paying his just demands and not as a screen to secure property to himself; although the effect of such preference is necessarily to hinder and delay other creditors. An instruction to this effect is approved.

6. **Sales**: BILL OF SALE : DELIVERY : TITLE. The title of goods and chattels passes with the delivery of possession under a contract of purchase. A bill of sale subsequently executed is merely evidence of a transfer of title, and not necessary to its completion ; and, in this case, the jury should have been informed as to the effect of the bill of sale.

7. —— : ASSENT OF PARTIES : INSTRUCTION. The assent of parties to a sale may be expressed or implied from their language, conduct or silence, etc., and, in this case, it was error not to so instruct the jury.

8. **Replevin**: EVIDENCE: WRIT OF ATTACHMENT : STRANGER: INSTRUCTION. In an action of replevin against a sheriff holding under a writ of attachment by a stranger to the attachment proceeding, the sheriff cannot make a *prima facie* case or question the title of the plaintiff by producing the attachment writ with his levy thereon and the proof of the debt, but must go further and show that the petition, affidavit and bond, as required by the statutes, were filed in a court of competent jurisdiction before the issue of his writ ; and it is error to tell the jury that the production of the writ and the levy thereunder was sufficient to entitle the sheriff to the possession of the goods, unless the plaintiff should, by a preponderance of the evidence, show that he was the owner of the goods at the time of the seizure.

9. —— : COMMON LAW: FRAUDULENT CONVEYANCES. At common law the only things essential to a valid sale of personal property were a proper subject, a price, and the consent of the contracting parties, and, when these concurred, the sale was complete, and the title passed, without anything more, except, where the thing sold was part of a mass, it had to be separated ; the statute of fraudulent

conveyances beginning where the common law stopped requires that the transaction, before considered complete so as to effect a change in ownership, should be accompanied by a delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continual change of the possession of the thing sold, and an instruction which goes further than the statute is *held* improper and misleading.

10. **Replevin**: VALUE AT TIME OF TRIAL. If the defendant prevails in replevin, the value of the goods should be assessed at the time of trial, and not at the time of caption.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

THE 'plaintiff's fifth instruction referred to in the opinion is as follows : " 5. If the jury believe from the evidence that the witness Campion was largely indebted to plaintiff for goods received of plaintiff, and that plaintiff's agent Gray demanded the stock of goods and tools in controversy of said Campion, and that said Campion after the receipt of the telegram by Gray from plaintiff or plaintiff's secretary, Mr. Marshall, declining to accept said Campion's proposition to keep the stock longer, made no further opposition to allowing plaintiff to take the goods to apply on his debt to plaintiff and informed Mr. Gray that he, Campion, would make no further objection to his taking the goods, and relinquished all control of said goods and tools to said Gray, and that said Gray accepted the same for said purpose and proceeded to pack said goods and tools preparatory to removing the same, then said goods and tools became the property of plaintiff, and defendants could not thereafter lawfully seize the same under the writ of attachment, and your verdict must be for plaintiff."

*C. R. Pence* and *W. E. Clark*, for appellant.

1. The testimony of the witness Bunn was incompetent and irrelevant, and its admission harmful. It

amounted to the expression of his opinion on a material issue in the case—a mixed question of law and fact. *Muff v. Railroad*, 22 Mo. App. 584 ; *Gregory v. Chambers*, 78 Mo. 294; *King v. Railroad*, 98 Mo. 235 ; *Wetherel v. Patterson*, 31 Mo. 458 ; *Koons v. Railroad*, 65 Mo. 592 ; 2 Best on Ev. [Morgan's Ed.] sec. 512. (2) It is the value of the goods at the time of the trial, which must be shown. *Hinchy v. Koch*, 42 Mo. App. 230 ; *Chapman v. Kerr*, 80 Mo. 158 ; *Richey v. Burnes*, 83 Mo. 362 ; *White v. Storms*, 21 Mo. App. 288 ; *Hoester v. Teppe*, 27 Mo. App. 207. (3) The first instruction should have been given in the form asked by plaintiff. As modified and given by the court it submitted to the jury a question of law. *Speak v. Dry-Goods Co.*, 22 Mo. App. 122 ; *Estes v. Fry*, 22 Mo. App. 80 ; *Turner v. Railroad*, 76 Mo. 261 ; *Hickey v. Ryan*, 15 Mo. 63-67 ; *Fugate v. Carter*, 6 Mo. 267, 273. (4) The second instruction asked by plaintiff is similar to, though not quite so full as, the first, and the third is particularly applicable to the issues raised by the second answer of defendants, and should have been given. *Estes v. Fry*, *supra ; Shelley v. Boothe*, 73 Mo. 74. (5) In view of the fact, appearing in evidence, that there was a bill of sale of the goods, and that the same was not made out until after the goods had been attached, and in view also of the claim of defendants upon the trial as to the effect that proof had upon the question of title at the time of the levy, it was essential that the fourth instruction asked by plaintiff should be given. *Gatzweiler v. Morgner*, 51 Mo. 47. (6) Plaintiff's fifth instruction was based upon the evidence, and fully met every phase of the proof. The court should have advised the jury of the legal effect of the facts as therein set forth. *State to use v. Knapp*, 13 Mo. App. 467 ; *Davis v. Beason*, 74 Tex. 604 ; *Bass v. Walsh*, 39 Mo. 199 ; *Glasgow v. Nicholson*, 25 Mo. 29. (7) It was claimed by defendant that Campion had not consented to the transfer of the goods to the plaintiff at the time of the levy. This was a material

question, and in view of the evidence the plaintiffs' sixth instruction should have been given. (8) The first instruction for defendants is erroneous because it makes the writ of attachment alone sufficient evidence to entitle the sheriff to the possession of the goods as against plaintiff, and requires preponderating evidence on the part of the plaintiff to overcome it. The writ does not run against the plaintiff but against Campion. The plaintiff is a stranger to it, and claims under an older and better title. The writ alone has no probative force as against the plaintiff. *Matney v. Railroad,* 30 Mo. App. 507; *Jungeman v. Schnaider Brewing Co.,* 38 Mo. App. 458; *Swissler v. Storts,* 30 Mo. App. 160; *Weeks v. Etter,* 81 Mo. 378; *Simons v. Austin,* 36 Mo. 307; *Smith v. Lydick,* 42 Mo. 209; *Noble v. Holmes,* 5 Hill, 194; *Thornburg v. Hand,* 7 Cal. 554; Drake on Attach., sec. 185*a;* *Williams v. Eikenbury,* 25 Neb. 721. (9) The third instruction for defendant is based upon a theory not justified by the evidence. (10) The defendant's fourth instruction fails to recognize the doctrine that an attaching creditor can acquire no greater right in the attached property than the defendant himself possessed when the attachment took place, unless he can show some fraud or collusion by which his rights are impaired. The instruction required that Campion should "have actually parted with the possession of the goods." This was not necessary so far as the defendants in this case were concerned. R. S. 1889, sec. 5178; Drake on Attach., secs. 223, 245, 245*a;* *Coover v. Johnson,* 86 Mo. 533; *Phillips v. Schall,* 21 Mo. App. 450.

*R. A. DeBolt* and *E. M. Harber,* for respondents.

(1) The testimony of witness, Bunn, as to who was in possession of the property at the time of the seizure under the writ of attachment was proper and right, and the court committed no error in admitting the same over the objection of appellant. *McMillan v.*

*Schweitzer*, 87 Mo. 402.   (2)   The affidavit of appellant against Gray, as to the value of the goods being a part of appellant's pleadings in the case was competent evidence against appellant.   *Gould v. Trowbridge*, 32 Mo. 291; *Hall v. Guthrie*, 10 Mo. 621; *Beardlee v. Cinmesch*, 38 Mo. 168; *Shultz v. Hickman*, 27 Mo. App. 21; *Coe v. Craig*, 76 Mo. 619; *Dowzelot v. Gray*, 58 Mo. 75. (3)   The court did not err in refusing the instructions asked by appellant, and modifying, and in giving appellant's first instruction as modified.   The instruction changed and given by the court fully embraced the principles contended for in the first five instructions, which instruction, with the instructions given on the part of the respondents, fully and fairly presented the law in the case. *State to use v. Brokerage Co.*, 85 Mo. 411; *Bunn v. Fryrear*, 85 Mo. 151; *State v. Kelley*, 85 Mo. 143; *State v. Cooper*, 83 Mo. 698; *State v. Thompson*, 83 Mo. 257; *Ins. Co. v. Hauck*, 83 Mo. 21; *Cooper v. Johnson*, 81 Mo. 483; *Harris v. Lee*, 80 Mo. 420; *Boone v. Railroad*, 20 Mo. App. 232.   The appellate courts have repeatedly condemned the practice of asking instructions which are but reflections of each other.   *Palmer v. Railroad*, 76 Mo. 217; *Coe v. Griggs*, 76 Mo. 619; *Utley v. Tolfree*, 77 Mo. 307; *Douglass v. Cissna*, 17 Mo. App. 44. (4)   The court committed no error in giving respondents' first instruction.   It correctly declares the law in the case.   Drake on Attachments [3 Ed.] secs. 185–210; *Bruce v. Holden*, 21 Pick. 187; *Sias v. Badger*, N. H. 393; *Nichols v. Patton*, 18 Me. 231; *Palley v. Iron Works*, 4 Allen, 329; *Shadborne v. Sumner*, 16 N. H. 129; *Smith v. Smith*, 24 Me. 555; *Brown v. Davis*, 9 N. H. 76.   (5)   Respondents' third instruction correctly stated the law, and the court committed no error in giving the same.   *Ober v. Carson's Ex'rs*, 62 Mo. 209; *Robins v. Phillips*, 68 Mo. 100; *Wangler v. Franklin*, 70 Mo. 659; *Mathews v. McElroy*, 79 Mo. 202; *Coover v. Johnson*, 86 Mo. 533.   (6)   Respondents' fourth instruction properly declares the law as to what

constitutes a valid sale, and the court rightly gave the same. *Ober v. Carson's Ex'r, supra.* (7) The value of the property was assessed at the time of trial as required by law and the instructions of the court. *Chapman v. Kerr,* 80 Mo. 158–164; R. S. 1889, sec. 7489 ; *Ingles v. Mudd,* 86 Mo. 216. (8) The amount of the attaching creditor's (Hall) debt being greater than the value of the property in controversy there was no error in giving respondents' fifth instruction. *Kerr v. Drew,* 90 Mo. 147; *Dougherty v. Cooper,* 77 Mo. 528–36; *Long v. Cachell, Adm'r,* 55 Mo. 93 ; *Nelson to the use v. Luchtemeyer,* 49 Mo. 56 ; *Dilworth v. McKelvey,* 30 Mo. 149 ; *Lewis v. Mason,* 94 Mo. 551. Respondents had a right to attach for the whole debt whether it was all due or not. R. S. 1889, secs. 521–522.

SMITH, P. J.—The plaintiff, a corporation engaged in the wholesale boot and shoe business, at Kansas City, Missouri, brought this action of replevin to recover possession of a stock of boots and shoes taken from it by the defendant Bain, as sheriff, under a writ of attachment, which had been sued out by defendant Hall, in a suit by Hall against one, J. W. Campion. The goods in controversy had been purchased by Campion from plaintiff, but being largely indebted to plaintiff for the goods, and unable to pay for them, Campion had, as plaintiff claims, transferred the goods to it in payment of his said indebtedness. And plaintiff claimed the ownership and possession of the goods, on the ground that it had accepted and received them back in satisfaction of the debt.

The defendant Hall also claimed that Campion was indebted to him for rent, and his attachment against Campion was levied under the following circumstances: There was evidence adduced tending to show that the plaintiffs sent their agent, C. F. Gray, to Trenton, Missouri, where Campion was engaged in business, with instructions to effect a settlement with him, and for that purpose he was given authority to take the goods

back, upon agreement with Campion to that effect, and apply the same to the payment of the debt; that Gray arrived on the morning of the eleventh of June, 1889, and as the result of his negotiations with Campion it was agreed that the goods should be so applied ; that the goods were invoiced by Gray and Campion. Upon the completion of the invoice on the twelfth day of June, the packing of the goods was begun, Campion assisting in the work ; that the packing was completed on the thirteenth by two or three o'clock in the afternoon, and most, if not all, of the boxes in which the goods were packed were then carried by Gray into a back room of the store preparatory to sending them to the depot for shipment, and that an hour or two thereafter, but before the goods were removed from the back room, the attachment was levied.

There was a trial, and judgment for defendants, plaintiff appealed. The plaintiff has assigned numerous errors on account of which it is claimed we must reverse the judgment. We shall notice these in the order of their presentation.

I. The plaintiff contends that the trial court erred in permitting the following questions to be asked by defendants, and answered by the witness Bunn: "*Q.* State to the jury who had possession of the goods at the time the writ of attachment was levied on them ? *A.* Mr. Campion was in possession of the goods in controversy at the time of the levy of the attachment." It is needless to say that this question called forth from the witness the expression of his opinion on a material and dominating issue in the case. As to whether the plaintiff or Campion was in possession of the goods at the time of the levy of the attachment, was a mixed question of law and fact upon which the opinion of the witness did not throw the least light. The general rule is that witnesses must state facts, not opinions, except in those cases where experts are allowed to state opinions. As it is said in *Commonwealth v. Sturtevant*, 117 Mass.

122, "the competency of this evidence rests upon two necessary conditions, *first*, that the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time ; and, *second*, that the facts upon which the witness is called to express an opinion are such as men in general are capable of comprehending and understanding." Neither of these conditions obtained in this case. The witness' opinion furnished the jury no means of ascertaining the disputed fact. It was not competent evidence and should not have been received. *Muff v. Railroad*, 22 Mo. App. 584 ; *Gregory v. Chambers*, 78 Mo. 294 ; *King v. Railroad*, 98 Mo. 235 ; *Koons v. Railroad*, 65 Mo. 597 ; Best on Evidence, sec. 512. *McMillan v. Schweitzer*, 87 Mo. 402, though cited by defendants, is not in conflict with the authorities just cited. It recognizes the rule they all announce.

II. The plaintiff contends that the court erred in refusing the following instruction asked by it : "1. If the jury believe from the evidence that before the levy of the attachment one J. W. Campion being the owner and in possession of the goods in controversy, and being at the time indebted to the plaintiff in the sum of $1,968.38, or thereabouts, was requested by plaintiff's agent to deliver to him for the plaintiff the goods in controversy in whole or part payment of his, said Campion's, indebtedness to plaintiff, and that said Campion assented thereto and relinquished further control over said goods, and the agent of plaintiff accepted the same and had packed the said goods in boxes and had removed the same to a back room of said Campion's store before the levy of the attachment on said goods by the sheriff as the property of said Campion, then the jury are instructed that the plaintiff is entitled to the possession of said goods as against the said attachment, and your verdict should be for the plaintiff." This instruction was amended by the court

on its own motion, by striking out the word "relin-quished," and inserting in lieu thereof the words "did sell, deliver and relinquish."

As to whether given facts in law constitute a "sale" or "delivery," or both, of personal property, is often-times a question of much difficulty.

The court, in view of the evidence adduced, should have outlined to the jury what facts constituted a sale and delivery of the goods, and then left it to the jury to say whether the evidence proved these facts. There was no instruction even giving an abstract definition of the interpolated words. The instruction as modified submitted to the jury a mixed question of law and fact for their determination. This was improper. *Speaks v. Dry-Goods Co.*, 22 Mo. App. 122; *Estes v. Fry*, 22 Mo. App. 80; *Turner v. Railroad*, 76 Mo. 261; *Fugate v. Carter*, 6 Mo. 267; *Hickey v. Ryan*, 15 Mo. 63; *State v. Mitchell*, 98 Mo. 657. The instruction as asked pre-sented an intelligent and proper rule for the guidance of the jury, and should have been given.

III. The plaintiff's second instruction was but a repetition of the first, and was properly refused for that reason.

IV. It is further contended that the court erred in refusing the following instruction asked by plaintiff: "3. If the jury believe from the evidence that one Campion was justly indebted to plaintiff, and to satisfy such indebtedness turned over to plaintiff's agent the stock of goods in controversy to apply on or satisfy plaintiff's claim and relinquish all control as owner of said goods, then said Campion had lawful right to so turn over said goods and apply all of his property, if necessary, towards the satisfaction of said indebtedness to plaintiff, although such appropriation of his property may hinder, delay or defer other creditors, and the verdict must be for plaintiff although the plaintiff's agent Gray and said Campion, or either of them, were

trying to keep defendant Hall from knowing of the transfer of the goods or of their removal."

In this state the law is well settled that a debtor may give preference to a particular creditor or set of creditors by a direct payment or assignment, if he does so in paying his or their just demands, and not as a mere screen to secure the property to himself. The right of a debtor to prefer one creditor over another necessarily implies the right of such creditor to accept such preference. While the effect of such preference must, to the extent that it is made, necessarily be to defer, hinder or delay other creditors, the mere knowledge of the preferred creditor that such will be its effect, and the debtor intended it should have that effect, will not be sufficient to avoid the transaction as to such preferred creditor. *Shelley v. Boothe*, 73 Mo. 74; *Estes v. Fry*, 22 Mo. App. 122. The evidence was undisputed that Campion was justly indebted to plaintiff in an amount as great or greater than the value of the goods in controversy. Plaintiff's good faith was not in the slightest degree impeached. It is nowhere intimated that plaintiff, in purchasing the goods, did so with the intent and design to assist Campion in defrauding his creditors. Its efforts were directed toward obtaining the goods in satisfaction of a just debt. Whether the goods were delivered by Campion to plaintiff's agent for that purpose, or whether delivered at all, was a question of fact for the jury under appropriate instructions. Instruction, numbered 3, should have been given.

V. The fourth instruction asked by plaintiff, to the effect that a bill of sale is not necessary to pass title to personal property, and that if Campion had, before the seizing by the sheriff, relinquished to the plaintiff's agent, Gray, all control of the goods, with the understanding that the same should be applied to plaintiff's claim against him, and that Gray accepted the goods

on said claim and assumed control, that the verdict should be for plaintiff, ought to have been given.

The jury should have been informed as to the effect of the bill of sale. It was executed after Campion is claimed to have delivered the goods to plaintiff. The title to goods and chattels passes with the delivery of possession under a contract of purchase. A bill of sale subsequently executed is merely evidence of a transfer of title, and not necessary to its completion. The instruction should have been given. *Gatzweiler v. Morgner*, 51 Mo. 47.

VI. The plaintiff's fifth instruction, while in the main it was a little more than a duplicate of its first, might have been properly given. If the jury found from the evidence the facts embraced in its hypothesis, no reason is perceived why plaintiff should not. have recovered.

VII. The plaintiff's sixth instruction, which informed the jury that the assent of parties to an agreement need not be expressed, but may be implied from their language or from their conduct, or may be inferred from their silence in certain cases, and so, if the jury believe that Campion allowed Gray, the agent of plaintiff, to take charge of the goods in controversy without objection and to pack the same into boxes, and voluntarily assisted said Gray in so packing said goods, then the jury may find that the said Campion did in fact assent to the delivery of said goods to plaintiff. it seems to us unexceptionable in its statement of the rule of law as applicable to the facts contained in its assumption.

VIII. The first instruction given for the defendants, which told the jury that the writ of attachment read in evidence and the seizure of the goods thereunder by defendant Bain was and is sufficient to entitle him to the possession thereof as against plaintiff, unless the jury believe from a preponderance of the evidence that plaintiff was the owner of the goods, and entitled

to the possession thereof at the time of the seizure of the same under said writ, was erroneous. It makes the writ of attachment *alone* sufficient evidence to entitle the defendant sheriff to the possession of the goods as against the plaintiff, a stranger claiming title thereto. When an officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the writ of attachment, if it be issued by a court·or officer having lawful authority to issue it, and it be in legal form. But, where property is found in the possession of a stranger claiming title, the mere production of a writ will not justify the seizure under it. Even the production of the writ and proof of the debt is not sufficient. Something more is required to justify the taking of the property from the possession of third parties. If the officer seizes property of the debtor, and the writ be regular on its face, it is a sufficient justification to him; for the defendant may, if the attachment has been improvidently issued, move to have it quashed, but a third party, a stranger to the record, could not interfere, and, therefore, it would seem but justice that before any right could be established against him by reason of the proceeding to which he was not a party, that the regularity should be shown, *i. e.*, that all the precedent steps required by law to authorize the issue of the writ of attachment have been duly taken, or in other words the sheriff must show that the petition, affidavit and bond, as required by statute, were filed in a court of competent jurisdiction before the issue of the writ of attachment. The establishment of these conditions in addition to the production of the writ and proof of the indebtedness are essential to make out a *prima facie* case by the sheriff. This is necessary before he can question the title of the plaintiff in the replevin suit. The authorities all support the foregoing statement of the law. Colby on Replevin, secs. 1007, 1009; Drake on Attachment, sec. 185; Wells on Replevin, secs. 302, 303; *Thornburg v.*

*Hund*, 7 Cal. 554; *Williams v. Elkenbury*, 25 Neb. 721; *Oberfelder v. Kavanaugh*, 21 Neb. 483; *Jaines v. Van Duyre*, 45 Wis. 512. The court, therefore, erred in telling the jury, as it did in this instruction, that the production of the writ of attachment and the levy thereunder was sufficient to entitle the sheriff to the possession of the goods, unless plaintiff showed by preponderance of evidence that he was the owner of the goods at the time of the seizure. The establishment of the facts assumed in this instruction would not entitle the sheriff to the possession of the goods as against plaintiff who had the possession under a claim of right at the time of the seizure. A further showing was necessary, as we have seen, to entitle the sheriff to question the plaintiff's *prima facie* right to the possession of the goods.

IX. The defendant's fourth instruction, of which complaint is made, told the jury, in effect, that to constitute a valid sale and delivery of the goods as against the sheriff, Campion must have consented to reconvey the goods with intention to divest himself and reinvest the title in the plaintiff and must have intended to part with the goods and have *actually parted with the possession*, and with the intent to divest himself of the title, and the defendant must have accepted the same with the intention to make them its own. At the common law, the only things essential to a valid sale of personal property were a proper subject, a price, and the consent of the contracting parties, and when these concurred the sale was complete and the title passed without anything more. 2 Black, Com. 447; *Bloxon v. Sanders*, 4 Barn. & Cress. 941. The exception to this rule is where the subject of the sale is part of a larger mass from which it must be separated by counting, weighing or measuring, or as goods to be hereafter procured and supplied to the buyer or to be manufactured for his use. Hence in a transaction in relation to a part of a mass a sale could not take effect as a present sale immediately

changing the property, until the separation is actually made. *Cunningham v. Ashbrook,* 20 Mo. 554 ; *Glasgow v. Nicholson,* 25 Mo. 29 ; *Bars v. Walsh,* 39 Mo. 192 ; *Ober v. Carson,* 62 Mo. 209.

Although at common law, consent alone was sufficient to constitute a valid sale, the statute of frauds has now intervened, which must be observed. The statute begins where the common law stopped, and requires that the transaction, before considered complete so as to effect a change in ownership, " shall be accompanied by a delivery in a reasonable time, regard being had to the situation of the property and be followed by an actual and continued change of the possession of the things sold." R. S., sec. 5178. This instruction goes further than the statute of frauds. It denies to the vendor and the vendee the right to deliver the subject of the sale within a reasonable time after the transaction. As a definition of a valid sale and delivery it is too narrow and restricted. Under the statute the title may pass if the sale is accompanied by a delivery in a reasonable time. The sale and delivery need not be contemporaneous, although a sale in good faith may not have been accompanied with a delivery ; it is valid until the expiration of a reasonable time for such delivery. It becomes fraudulent and void as to creditors and subsequent *bona fide* purchasers only after the lapse of a reasonable time for the delivery. The instruction is, in view of the evidence in respect to the nature and situation of the goods and the transaction between Campion and plaintiff, improper and misleading, and should not have been given.

X. The defendant's fifth instruction should have, as it did not, directed the jury, that if they found for the defendant, to assess the value of the goods *at the time of the trial.* The only evidence offered as to the value of the goods was what it was at the time of the caption. The evidence was received and the instruction given upon erroneous notion of the time at

which the value of the goods was to be found. *Hinchy v. Koch*, 42 Mo. App. 230 ; *Chapman v. Kerr*, 80 Mo. 158 ; *Richey v. Burnes*, 83 Mo. 362 ; *White v. Storms*, 21 Mo. App. 288 ; *Hoester v. Teppe*, 27 Mo. App. 207.

It results from what has been said that the judgment of the circuit court will be reversed and the cause remanded. All concur.