ALEXANDER GLASS, Respondent, v. BLAZER BROTHERS, Appellant.

**Kansas City Court of Appeals, January 20, 1902.**

**Sales:** TITLE PASSING IN PRAESENTI: FRAUDS AND PERJURIES: CONSTRUCTION: ACTION. "This contract witnesseth that Blazer Brothers has this day sold to Alex. Glass, their entire crop of growing flax, consisting of thirty acres of flax, to be delivered at his elevator, etc., not later than September 15, at one dollar per bushel on basis of pure." Ten dollars was paid on the purchase price. *Held*:

(1) The sale was complete, the title passing *in praesenti*. (2) That a growing crop of flax is a proper subject of sale. (3) That "on basis of pure" means seed was to be. clean. (4) The contract was not within the statute of frauds. (5) That replevin was the proper remedy for the vendee. (6) Cases discussed and distinguished.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

AFFIRMED.

Glass v. Blazer Brothers.

*C. W. Sloan* and *Givan & Glenn* for appellants.

(1) When anything remains to be done, no title passes, and replevin will not lie. Lingham v. Eggleston, 27 Mich. 329; 1 Benjamin on Sales, sec. 417, p. 391; Tiffany on Sales, pp. 83, 87 and 88; Tiedeman on Sales, secs. 87, 207 and 208; Locke v. Express Co., 71 Mich. 263; Lovelace v. Stewart, 23 Mo. 386; Kirby v. Johnson, 22 Mo. 361; 21 Am. and Eng. Ency. of Law, p. 628, 629 (notes) 633, 634 and 644; Ober v. Carson, 62 Mo. 213; Cunningham v. Ashbrook, 20 Mo. 560; Suggett v. Carson, 26 Mo. 224; S. W. Freight & C. Co. v. Stanard, 44 Mo. 83; Greer v. Bank, 128 Mo. 572; Matthews v. McElroy, 79 Mo. 203; Oester v. Sitlington, 115 Mo. 255; Grocer v. Clements, 69 Mo. App. 449; Bank v. Mill & Land Co., 152 Mo. 156; Ridgeway v. Kennedy, 52 Mo. 24; Boutell v. Warne, 62 Mo. 353; Jones v. Dodge, 61 Mo. 369; Lacy v. Weaver, 19 Am. Rep. 685; Parman v. Marshall, 51 S. W. 116. (2) "Sold," as here used, means "contract to sell." Russell v. Nicholl, 20 Am. Dec. 670; Nicholson v. Taylor, 72 Am. Dec. 728.

*J. T. Burney, D. C. Barnett* and *W. L. P. Burney* for respondent.

(1) The language of the contract shows the intention of the parties to be that a complete and immediate sale of a certain and definite subject-matter be made, for delivery on a day certain, at a specific and fixed price, and this contract being in writing passed the title to respondent without delivery of the flax. Hamilton v. Clark, 25 Mo. App. 432; Toney v. Goodley, 57 Mo. App. 235; Wren v. Kuhler, 68 Mo. App. 682; Benj. on Sales, sec. 279. (2) Where a contract is in writing and the price is fixed, delivery is not necessary to complete a valid sale and vest a present right of property in the purchaser, unless the quantity, quality or identity of the goods

purchased is to be thereby determined. Hamilton v. Clark, supra; Chapman v. Shepherd, 39 Conn. 413; Ober v. Carson Executors, 62 Mo. 209; Grocer Co. v. Clemments, 69 Mo. 447. (3) Crops sown or growing are proper subjects of sale. Benj. on Sales, page 86; Cotton v. Willoughby, 83 N. C. 75; Stephens v. Tucker, 55 Ga. 543; O'Sanborne v. Benedict, 78 Ill. 309; Wilkinson v. Kettler, 69 Ala. 435; Hansen v. Dennison, 7 Bradw 73; Garth v. Caldwell, 72 Mo. 622. (4) The flax in question being threshed, measured and sacked, replevin will lie. Kaufmann v. Schilling, 58 Mo. 218; Groff v. Belche, 62 Mo. 400; Harrison v. Ranch, 21 Pa. St. 359; Hamilton v. Clark, 25 Mo. App. 433; Edmonston v. Wilson, 49 Mo. App. 492; Benj. on Sales, page 86.

SMITH, P. J.—This is an action of replevin to recover "two hundred and ten and three-fourth bushels of flax seed, threshed and in sacks." There was a trial in which plaintiff had judgment and defendants appealed. The plaintiff's claim of title was based on the following written instrument:

"Freeman, Mo., May 21, 1900.

"This contract witnesseth that Blazer Brothers *has* this day sold to Alex. Glass, their entire crop of growing flax, consisting of thirty acres of flax, to be delivered at his elevator in Freeman, not later than Sept. 15, at one dollar per bushel on basis of pure.

"(Signed.)

"H. C. BLAZER.
"W. F. BLAZER.
"ALEX. GLASS."

The plaintiff paid defendants ten dollars as a part of the purchase price under the contract. Before the date specified for delivery in the contract the price rose to one dollar and forty cents per bushel. Defendants did not deliver or offer

to deliver at the stipulated time, or at all, but were about to sell to another when the plaintiff brought this suit.

The question which we are required to decide is whether or not the contract was an agreement for a future sale or a contract of sale? Or, stated in another way, whether the parties intended that the sale be completed so as to pass title at the time of the contract, or that it should be incomplete so that the title would not pass until subsequent delivery. At what time the parties intended that the title should pass must be determined by the construction placed on the contract. If the intention of the parties is disclosed by the language of the entire contract, it must govern us in determining the rights of the parties. Ober v. Carson, 62 Mo. 209; Glasgow v. Nicholson, 25 Mo. 29; Bass v. Walsh, 39 Mo. 192; Williams v. Evans, Adm'r, 39 Mo. 202.

It will have been seen that the contract by its express terms recites that the defendants have this day sold, etc., not that they have agreed or promised to sell, so that the conclusion to be deduced therefrom is that it was the intention of the parties that the title should immediately pass. But defendants, in opposition to this view, contend that as the crop sold was not only to be delivered at plaintiff's elevator but at a later time at the price of one dollar per bushel "on the basis of pure," that the contract was conditional executory and not a sale *in praesenti* and, therefore, under the general rule that where anything between seller and buyer remains to be done no title passes; and in support of this contention cite us to a long line of authorities.

But the principle invoked by defendants has no application to sales upon fixed terms by weights to be subsequently ascertained, or where weighing, measuring or counting may afterwards be necessary to adjust and determine the final amount of the price; or, as said by Judge LEONARD in Cunningham v. Ashbrook, 20 Mo. 559:

"Although there is no sale until the price is settled be-

tween the parties, yet *it is settled* within the meaning of this rule when the terms of it are so fixed that the sum to be paid can be ascertained without further reference to the parties themselves." In Freight Co. v. Stanard, 44 Mo. 71, it is said that, if anything remains to be done, as between the seller and buyer, before the goods are to be delivered, a present right does not attach to the buyer; but separation is enough to pass the property, though weighing, measuring or counting may afterward be necessary to determine the final amount of the price. And to the same effect are: Bass v. Walsh, supra, and Ober v. Carson, supra.

The defendants sold the plaintiff a growing crop of flax which was a separate and distinct entity. It is apparent that it was not mixed with or a part of any other crop of flax requiring separation before it could be identified. The price to be paid for the crop was one dollar per bushel for every bushel of seed that it yielded; or, in other words, the price was as many dollars as there should turn out to be bushels when threshed. There was not and could not be any uncertainty as to the amount of the price thus agreed on under the contract. It was specific and fixed by the terms of the contract. No further reference to the parties was required for its ascertainment. The price per bushel was that agreed upon for all that the crop yielded. We take it that what was meant by the terms, "on the basis of pure," was that the seed was to be clean—unmixed with straw, chaff or the like. When it is separated from the straw and chaff it is pure. In that condition it can not be impure. So that we have a contract in writing where the delivery is to be on a certain day at a specific and fixed price, and where neither quantity, quality nor identity were left to subsequent ascertainments; and therefore a present right of property passed to the plaintiff without a delivery. Benjamin on Sales, sec. 279; Hamilton v. Clark, 25 Mo. App. 432; Ober v. Carson, supra; Grocer Co. v. Clemments, 69 Mo. App. 447.

This case on its facts is clearly distinguishable from those where there were executory contracts or, conditional sales by which it was required or there remained something to be done or performed as a condition precedent to the transfer of the property, as the payment of the purchase price, as in Parmlee v. Catherwood, 36 Mo. 479; Boutell v. Warne, 62 Mo. 353; Oester v. Sitlington, 115 Mo. 247; Matthews v. McElroy, 79 Mo. 203; or where the property was so mixed with other property of the same kind or nature as to render its identification impossible, as in Jones v. Dodge, 61 Mo. 368; Grocery Co. v. Clemments, 69 Mo. App. 449; Mfg. Co. v. Jones 64 Mo. App. 220; Toney v. Goodley, 57 Mo. App. 241; Kendall Shoe Co. v. Bain, 46 Mo. App. 581, or where a party is not entitled to possession of a share in a crop of grain under the contract until separation or measurement took place, as in Kaufman v. Schilling, 58 Mo. 218. So that it is quite obvious that the case in hand is essentially different from those just referred to, and therefore they are not in point here.

The contract in question being in writing, no question can arise as to the statute of frauds. The authorities all agree that a sale of personal property at common law consisted of the elements of a proper subject, a price and the consent of the contracting parties. Cunningham v. Ashbrooke, supra; Greer v. Bank, 128 Mo. 559; Kendall v. Bain supra; Nance v. Metcalf, 19 Mo. App. 183. And the question is, whether all of these requisites were not in the transaction between the parties to this action.

Annual crops raised by yearly labor and cultivation are *fructus industriales,* and are to be regarded as personal chattels, independent and distinct from the land, capable of sale without regard to whether growing or matured. Garth v. Caldwell, 72 Mo. 627; Holt v. Holt, 57 Mo. App. 272; Smock v. Smock, 37 Mo. App. 56. So that it can not be doubted that a growing crop of flax is a proper subject of sale.

And it is equally clear that the price was so fixed and

determined by the terms of the contract as to require no subsequent reference to the parties in respect to it. The contract embodied in its terms and provisions every element required under the law to constitute a complete sale by which the title immediately passed to the plaintiff. The requisite *aggregatio mentium* was shown.

As the defendants sold their entire crop of growing flax consisting of thirty acres at the specified and fixed price of one dollar for each bushel of "pure" (clean) seed that the crop yielded, or for as many dollars as there should turn out to be bushels, and as it only remained afterward to bring the seed when threshed to the plaintiff's elevator to there have it weighed so as to determine the final amount of the purchase money, the sale was a complete one and the title immediately passed to and vested in the plaintiff. This conclusion, we think, is supported by the authorities to which we have already referred.

No reason is seen why replevin was not the proper remedy. The judgment will be affirmed. All concur.