FREDERICK W. GATZWEILER, SHERIFF OF ST. CHARLES COUNTY, TO USE OF ADMINISTRATOR OF JOHN ADAMS *et al.*, Respondents, *v.* ALBIN MORGNER *et al.*, Appellants.

1. *Sale — Solvency of possession — Bill of sale, etc.* — The title to goods and chattels passes with delivery of possession under a contract of purchase. A bill of sale subsequently executed is merely evidence of the transfer of title, and not at all necessary to its completion.
2. *Execution — Bond of indemnity — Proceedings in execution, how far bond must show.* — The proceedings on execution, referred to in a bond of indemnity given to a sheriff by plaintiff in the execution, enter into and form a part of it as fully as if such proceedings are recited *in hæc verba*. And the bond is not invalid by reason of its failure to set out such proceedings in detail.

*Appeal from St. Charles Circuit Court.*

E. A. Lewis, for appellants.

W. A. Alexander, for respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a bond of indemnity given by the defendant Morgner as principal, and the other defendants as his sureties, to the plaintiff, as sheriff of St. Charles county, requiring him to proceed with the sale of certain goods and chattels levied on under an execution in favor of Morgner against one Barron, and which were claimed by Adams and Miller, for whose use this suit was brought.

Barron, the defendant in the execution, had been a partner in a store with the claimants, and testified that on the 9th day of September, 1865, he sold out his interest in the partnership goods to his co-partners, the claimants in this case; that the terms of the sale were that they allowed him credit for the amount of his private account, which, by the terms of the sale, was considered as paid, and that the claimants assumed all the debts of the partnership, and assumed to pay the notes he had given when he purchased the goods, on which they were his sureties, and that he delivered them the goods, and ceased to have any further control from that time, and that they hired him as clerk. He further stated that there were no writings executed on the 9th, although the sale was completed on that day. He also stated that, two or three days afterwards, he executed to them a bill of sale.

The execution was issued and delivered to the sheriff on the 11th of September, 1865, and levied on the 12th of the same month. There was evidence on the part of the defense, to the effect that one of the claimants, on the evening of the 9th of September, said he was going to buy out the store, and did not say that he had bought it out. The defendants make the point here that the sale was not completed till the bill of sale was executed; that the whole matter was *in fieri* till the delivery of the bill of sale; and, consequently, the title was in Barron when the execution was delivered to the sheriff.

As a matter of law, a bill of sale is not necessary to pass the title to personal property. A delivery of the possession of goods under a contract of purchase passes the title, and from that time they belong to the vendee and are at his risk. There is no question of fraud as to creditors raised here. The simple question is whether the title to the goods in dispute passed, as between the parties to the sale on the 9th of September. The goods were already in the actual possession of all the partners, and the outgoing partner ceased to be such as soon as the terms of the sale were agreed upon, and as soon as he abandoned the possessions, leaving his copartners in the control of the premises under the purchase. The bill of sale subsequently executed was only evidence of what had already fully transpired, and was not at all necessary to its completion.

Whether the sale and delivery took place, as stated by the witness, was for the court sitting as a jury to find, and as the court found this issue for the claimants, we do not feel at liberty to disturb the verdict.

The instruction asked by the defendants was properly refused. It consisted of a long list of facts, to be found before there could be any recovery by plaintiffs, and amounted in substance to a demurrer to the evidence upon which his right to a verdict rested.

The defendants also objected to the bond of indemnity as evidence, upon the ground of variance. The alleged variance consists in the seeming inconsistency in the levy, as recited in the condition of the bond, and as set forth in the petition and return as made by the sheriff on the execution. The objection is more plausible than real. The bond of indemnity was a continuation of the proceedings on the execution, and grew out of and formed a part of them. Those proceedings being referred to in the bond, and, in fact, being the occasion of the bond, entered into and formed a part of it as fully as if they had been recited *in hæc verba*. So, if the recital in the bond is apparently imperfect, it is cured by the legal effect of the instrument, which, in law, forms a part of the sheriff's proceedings under the execution.

The judgment will be affirmed. Judge Wagner concurs. Judge Bliss absent.