## WHITSITT P. FISHBACK et al., Appellants, v. IDA FANT PROCK and BEN PROCK.

Division Two, December 22, 1925.

1. **CHILDREN: Parole Adoption: Full Performance.** An oral contract to adopt a minor child is an exception which courts have engrafted on the Statute of Frauds, and such a contract when fully performed will be enforced by a court of equity; but the evidence to establish it, after the death of the adopting parent, must be clear, cogent and convincing, and the evidence in this case is of that character.

2. ――――: ――――: **Agreement to Give Property: Consistency.** A parole contract by which the owner of a farm adopted his minor niece.

Fishback v. Prock.

who thereby became his sole legal heir, is not inconsistent with a subsequent agreement made with her, after she had married and had taken up their abode on another farm, that, if she and her husband would return to the farm of her childless and aged uncle and live with and take care of him, she, upon his death, should be the sole owner of such farm; and if said agreement was fully and faithfully performed, both contracts may be enforced in the one suit, or as a defense to ejectment and partition brought by his collateral heirs. As an adopted child the niece has no greater rights in his property than she would have were she his lineal descendant; but, nevertheless, the adopting parent could agree with her that, upon stated conditions, if fully performed, she alone should at his death have all his remaining property.

3. ———: **Parole Agreement to Give Estate.** Evidence clearly showing. that the childless decedent orally promised his adopted niece, who had married and taken up her abode elsewhere, that, if she and her husband would give up their then plans, move upon his farm, nurse him, attend to his wants and care for him the balance of his days, he would give her the farm, and that she accepted said proposition, moved upon the farm and fully complied with the stipulated conditions, will support a decree adjudging her to be the owner of the farm, after the death of decedent intestate without having by will devised or by any sort of writing provided for the conveyance of the farm to her.

4. ———: ———: **Self-Serving Declarations.** Statements made by the decedent, in the absence of his niece, after he had entered into a parole agreement with her by which he promised to give her the farm if she would take care of him the balance of his life, although inconsistent with said agreement, are not competent evidence to show that no such agreement was made.

---

Corpus Juris-Cyc. References: **Adoption of Children,** 1 C. J., Section 17, p. 1376, n. 72 New; Section 18, p. 1376, n. 73; Section 27, p. 1379, n. 9 New; Section 30, p. 1380, n. 20 New. **Evidence,** 22 C. J., Section 193, p. 221, n. 27; p. 226, n. 38. **Specific Performances** 36 Cyc., p. 692, n. 57.

Appeal from Lafayette Circuit Court.—*Hon. Robert M. Reynolds,* Judge.

AFFIRMED.

*Aull & Aull* for appellants.

(1)   Ida Fant Prock wholly failed to produce proof required to entitle her to the relief granted herein. The evidence produced is not clear, cogent and convincing beyond a reasonable doubt, overwhelming in its probative force, as required by law and the rules prescribed by equity and established by the courts. Kinney v. Murray, 170 Mo. 700; Wales v. Holden, 209 Mo. 576; Kirk v. Middlebrook, 201 Mo. 289; Walker v. Bohannan, 243 Mo. 146; Forrister v. Sullivan, 231 Mo. 373; Foley v. Harrison, 230 Mo. 589; Hafner v. Miller, 299 Mo. 232; Woodard v. Stowell, 222 S. W. 820; Oliver v. Johnson, 238 Mo. 372; Fanning v. Doane, 139 Mo. 411; Steele v. Steele, 161 Mo. 574; Collins v. Harrell, 219 Mo. 302; Snuffer v. Freeman, 276 S. W. 37. To grant the relief prayed would be to strike down the underlying purpose of the Statute of Frauds and the Statute of Wills. (2)   There is a variance between the contracts pleaded and the proof offered and testified to by the witnesses. The contract pleaded was not proven as required by law and the rules prescribed. The conversations relied on as proof of the contract were ancient, loose and casual. The proof offered rests alone in the memories of witnesses attempting to recall conversations which occurred years ago. The witnesses testified to conclusions and not to the facts. (3)   The defendant wholly failed to produce evidence sufficient to show that the acts of performance upon which she relies were referable solely and pointed unerringly to the alleged adoption, or contracts or either of them, pleaded in the cross-bill herein. The acts relied on are referable naturally and reasonably to other arrangement, motive and theory. Kinney v. Murray, 170 Mo. 700; Wales v. Holden, 209 Mo. 576. (4) The court erred in admitting illegal, irrelevant and incompetent evidence offered on the part of the defendant, Ida Fant Prock, in this that the court permitted the defendant Ben Prock, husband of Ida Fant Prock, an interested party who derives whatever interest he has in the case from and through his said wife, to testify to declaration alleged to have been made to him by James

E. Fishback, concerning the alleged adoption and contract for the farm, welded together in this case.    (5) The court erred in excluding legal, competent and relevant testimony offered on the part of the plaintiffs, being the statements and declarations made by James E. Fishback to and in the presence of the witnesses Nancy Hood, Marion Gillespie, John W. Fishback, Ben R. Fishback, Whitsitt P. Fishback, Mattie Fishback, Barton Fishback. The said declarations and statements were offered as showing contemporaneous interpretation of the real situation of the parties, want of consciousness on the part of deceased of the claims on the part of Ida Fant Prock, as to the alleged adoption, or contract or either of them, pleaded in the cross-bill herein, as part of the *res gestae* during the alleged performance thereof, in rebuttal to disprove and discredit the alleged statements testified to by the witnesses as having been made by James E. Fishback herein, and especially while in his own home, on his own farm and premises, and in possession thereof, in controversy herein, as declaratory and explanatory of the nature and extent of interest, title and possession of James E. Fishback therein and thereto.

*Lyons & Ristine* and *Horace F. Blackwell* for respondents.

(1)    The oral contract by which James E. Fishback agreed to take, adopt and care for defendant Ida Fant Prock, and her brother, as his own children and make them his heirs, and upon his death to leave all of his property to them, is a valid contract, and the surrender by the father of all control over his said children and the services and companionship of the latter constitute valuable consideration for the promise of James E. Fishback to adopt said children and make them his heirs, and will and should be enforced against the heirs of the adoptive parent in equity, on the principle that equity treats that which should have been done as having in

fact been done in order to avoid great injustice and hard-ship on the innocent, helpless children, and upon the death of the brother the survivor, Ida Fant Prock, the defendant herein, is entitled to the entire estate of the adoptive parent. Craddock v. Jackson, 223 S. W. 924; Kay v. Niehaus, 298 Mo. 201; Signaigo v. Signaigo, 205 S. W. 23; Baker v. Payne, 198 S. W. 75; Fisher v. Davidson, 271 Mo. 195; Lynn v. Hockaday, 162 Mo. 111; Healy v. Simpson, 113 Mo. 340, 27 A. L. R. 1327; Fishback v. Prock, 242 S. W. 962; Kerr v. Smiley, 239 S. W. 501; Dillman v. Davidson, 239 S. W. 501; Holloway v. Jones, 246 S. W. 587; Sharkey v. McDermott, 91 Mo. 647; Nowack v. Berger, 133 Mo. 24; Martin v. Martin, 250 Mo. 539; Linsley v. Patterson, 177 S. W. 826; Buck v. Meyer, 190 S. W. 997. (2) The oral promise of James E. Fishback, made to defendant Ida Fant Prock shortly before she and her husband moved on and took posses-sion of the farm, in February, 1913, that if she and her husband would give up their then plans and move to his farm, and if she would nurse him and attend to his wants and wait on him and care for him the balance of his life he would give her his farm, and full performance on the part of Ida Fant Prock and her husband, furnish ample ground for a decree in equity for specific performance. Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 101; Berg v. Moreau, 199 Mo. 416; McQuitty v. Wilhite, 247 Mo. 163; Merrill v. Thompson, 252 Mo. 714; Bryant v. Stahl, 217 S. W. 31; Alexander v. Alexander, 150 Mo. 579. (3) The court properly excluded the purported self-serving statements of James E. Fishback made long after contracts to adopt and give Ida Fant the farm. Pursifull v. Pursifull, 257 S. W. 117; Townsend v. Schaden, 275 S. W. 227. (4) The court did not err in permitting defendant Ben Prock to testify about state-ments of deceased in regard to the adoption, as the adop-tion contract was made before Ben Prock even knew Ida Fant. Ben Prock was a competent witness in this case. Moreover, no sufficient or proper objection was made to

the introduction of his testimony.   Elsea v. Smith, 273 Mo. 407.

RAILEY, C.—On December 19, 1919, there was filed in the Circuit Court of Lafayette County, Missouri, a petition in two counts, wherein Whitsitt P. Fishback et al. are plaintiffs and appellants, and Ida Fant Prock and Ben Prock are defendants and respondents.   The first count is ejectment, to recover possession of the un- divided seventeen-eighteenths interests in 160 acres of land, more or less, located in Lafayette County, and de- scribed as follows, to-wit:   The east half of the south- east quarter of Section Three, the northwest quarter of the southwest quarter of Section Two, and the southwest quarter of the northwest quarter of Section Two, all in Township Forty-nine of Range Twenty-nine.   The date of ouster is stated as September 21, 1918, and the month- ly value of the rents and profits of said premises is one hundred dollars.   Said count alleges, and the evidence shows, that the above-named respondents are in posses- sion of said land.   The second count is an action for the partition of said land.

The above-named defendants appeared to the action, and filed joint and separate answers to each count of petition.   They admit that they are husband and wife, but deny all other allegations in both counts of petition.   The answer avers that Ida Fant Prock claims title to the land aforesaid, by virtue of an oral adoption of herself, as the child and heir of James E. Fishback, about the year 1890; and also by virtue of an oral contract entered into between said James E. Fishback and said Ida Fant Prock in the latter part of 1912, or the early part of 1913, by the terms of which said James E. Fishback agreed that—inasmuch as Ernest Fishback, brother of Ida Fant Prock, who had been living in the home of said James E. Fishback ever since he was about seven years old, and whose adoption also is claimed, was on his death-bed with consumption, and said James E. Fishback, who was then a widower

and childless, was about to be left on said farm alone
and in ill-health—if she, said Ida Fant Prock and her
husband, Ben Prock, would give up their then plans, and
move to his home with their children, and if she, said
Ida Fant Prock, would take care of and nurse him the
balance of his days, he would give her the above farm,
alleging that there was full compliance on the part of
said Ida Fant Prock and her husband, Ben Prock, with
the terms of said agreement, but that said James E.
Fishback failed to make a will or deed vesting record
title to said land in said Ida Fant Prock, and asking
that the court decree that Ida Fant Prock was the
legal owner of said farm.

Plaintiffs for reply to the new matter contained
in said answer denied generally and specifically the
claims of respondents, and set out in detail their
version of the relationship which existed between de-
fendants and said James E. Fishback, and which were
inconsistent with any theory of adoption or special
agreement relied on by respondents.

We have been favored with able oral arguments,
and exhaustive briefs in this case. We have carefully
read, and fully considered, the facts contained in the
abstract of record, as well as those found by the trial
court in its decree. We are of the opinion that the
finding of facts made by the trial court is sustained
by clear and convincing evidence, and we hereby adopt
the same as follows:

"Now come the parties hereto by their respective
counsel and the argument of this cause is resumed and
the argument being completed and the cause being sub-
mitted to the court, and all and singular the pleadings
being seen and read and fully heard and all the evidence
being fully considered the court finds that James E.
Fishback, late of Lafayette County, Missouri, departed
this life at said county on or about the 20th day of Sep-
tember, 1918, leaving no widow, and leaving defendant
Ida Fant Prock, who is a daughter of his brother,
Thomas B. Fishback commonly called Blakey Fish-

back, who died before his death, his niece and his daughter by adoption, and that the said Ida Fant Prock was and is his only heir at law.

"The court further finds that when defendant, Ida Fant Prock, was about the age of eighteen months her mother died, and that shortly thereafter she was placed by her father in the home of said James E. Fishback; that at this time all the children of the said James E. Fishback were dead and the said James E. Fishback and his wife were childless; that they desired the companionship and company of children and expressed a desire to adopt the said Ida Fant Prock and also to adopt her brother Ernest Fishback, who was about the age of seven years; that a few months after she had been placed in the home of the said James E. Fishback by her said father, the said James E. Fishback and her father verbally agreed that said James E. Fishback could have said Ida Fant Prock and should also have her brother Ernest Fishback as his children, and should adopt them and make them his own children and that at his death they should inherit from him as fully and to the same extent as if they were his own children; that about eighteen months after the death of her mother said Ida Fant Prock's father died; and from that time until the marriage of Ida Fant Prock in 1905, and the death of Ernest in 1913, the said Ida Fant Prock and the said Ernest Fishback remained in the home of James E. Fishback as his children.

"That during the time the said children were in the home of the said James E. Fishback, the said Ernest Fishback was an obedient and dutiful child, and that the said Ida Fant Prock yeilded to the control of the said James E. Fishback and rendered him obedience and felt for him and toward him a strong affection and that she did his household work and looked after him and waited on him and cared for him as his child, and that at the death of Ernest Fishback in 1913 said Ernest Fishback left no children.

"That during his lifetime the said James E. Fishback was seized in fee simple and was the owner of the following described real estate, situated in Lafayette County, Missouri, to-wit: The east half of the southeast quarter of Section 3 and the northwest quarter of the southwest quarter of Section 2, and the southwest quarter of the northwest quarter of said Section 2, all in Township 49, Range 29.

"The court further finds that on or about the 9th day of February, 1899, the wife of said James E. Fishback died, and that in the latter part of the year 1912 and the early part of the year 1913 the said James E. Fishback was living on the land described and was in feeble health; that on or about December 25, 1912, defendants were and had been for several years living on what is known as the John T. Renick farm in Lafayette County, some distance from where the said James E. Fishback was living on the land above described; that the said James E. Fishback greatly desired the company and affection of the defendant Ida Fant Prock and her children, and desired the personal services, care and attention of the said Ida Fant Prock, and he proposed and said orally to her that if she would move to his farm and would nurse him and attend to his wants and wait on him and care for him the balance of his life he would give her his farm, meaning thereby the land above described; that on or about January 1, 1913, defendant Ida Fant Prock accepted the proposition of said James E. Fishback, and shortly thereafter she and her husband had a sale of the personal effects on said Renick farm and in February, 1913, moved from said Renick farm to the farm of said James E. Fishback above described and remained there until his death; that defendant Ida Fant Prock entered the home of the said James E. Fishback and took possession of same and of his said farm and that during all the time aforesaid she nursed the said James E. Fishback and waited on him and cared for him and attended to all his wants up to the date of his death, and that in doing so she was

subjected to great personal inconvenience and was compelled to and did perform services menial, arduous and disagreeable.

"That the said Ida Fant Prock has in all things fully performed all the conditions on her part to be performed, but that notwithstanding such complete performance said James E. Fishback failed to adopt her by paper writing executed according to the forms of law and did not make a will and did not make a deed or any other conveyance conveying to her the land above described, and that no adequate or sufficient relief in the premises can be had at law."

We will consider the law questions arising in the case in the opinion which is to follow.

I. This case was formerly before Division One of this court, and will be found reported in 242 S. W. 962 and following. It appears from the opinion of Judge RAGLAND in said cause, that the trial court had excluded, at the instance of plaintiffs, a certain portion of the proffered testimony of Mrs. Mary E. Mabry, a witness for defendants. The latter then made an offer of proof to show by said witness: "That Mrs. Fishback, when on her death-bed, told Mrs. Mabry that she wanted her to see to it that Mr. Fishback carried out the promise which he (Mr. Fishback) had made at the time Mrs. Prock and Ernest Fishback came to their house, namely, that he would take them as his own children and make them his heirs, and that when he died and his wife died they should have all of their property, and that the deceased, Jim Fishback, was present, and heard the request of his wife, and the reasons given for such request, and said that her request would be complied with."

Judge DAVIS, who formerly tried the case and rendered judgment for plaintiffs, granted a new trial on account of his erroneous ruling in excluding the above testimony. The plaintiffs appealed from the order granting a new trial and brought up the testimony

taken at the former trial. Judge RAGLAND, in his opinion on page 965, said: "Appellants contend, however, that, even if the rejected evidence was admissible, its exclusion did not warrant the granting of a new trial because the evidence as a whole, including that, was not sufficient to authorize a judgment establishing the contracts, or either of them, and decreeing specific performance. As to this we go no farther than to say that there was substantial evidence tending to show the existence and performance on one side of a contract to adopt as alleged in the cross-bill." The court declined to pass upon the merits of the case, but affirmed the order granting a new trial.

In the last trial, the testimony of Mrs. Mabry, as above indicated, was received and is in the present record, with substantially all the testimony that was heard at the former trial. The contention of appellants to the effect that there is no substantial evidence in the record sustaining defendants' cross-bill, is at variance with the quoted portion of Judge RAGLAND's opinion supra, and is in conflict with the facts found by us as heretofore stated.

II. It is contended that the evidence produced is not clear, cogent and convincing beyond a reasonable doubt, as required by law and the rules prescribed by equity and established by the courts of Missouri. We are cited by appellants to a number of Missouri decisions which it is claimed sustain the above contention, as follows: Fanning v. Doan, 139 Mo. 411 to 414; Steele v. Steele, 161 Mo. 574; Kinney v. Murray, 170 Mo. 700 to 705; Kirk v. Middlebrook, 201 Mo. 289; Collins v. Harrell, 219 Mo. 302; Foley v. Harrison, 233 Mo. 460; Forrister v. Sullivan, 231 Mo. 373; Oliver v. Johnson, 238 Mo. 372; Walker v. Bohannan, 243 Mo. 136; Woodard v. Stowell, 222 S. W. 815; Hafner v. Miller, 299 Mo. 1. c. 232; Snuffer v. Freeman, 274 S. W. 37.

*Parole Contract of Adoption.*

We have no criticism to make in respect to the principles of law declared in the foregoing cases. It should be noted, however, that none of the cases cited, except that of Steele v. Steele, 161 Mo. 574, deal with the subject of adoption.

In the latter class of cases, the surroundings of the alleged adopting parent, must be taken into account as well as the motive which actuated him in entering into a contract of adoption. If James E. Fishback's own children had been living, and he had taken Ida and Ernest Fishback into his home, because of their poverty and the sickness in their family, it would have presented no such case as we have before us.

As shown by the testimony, James E. Fishback and wife had lost all five of their children. Evidently a spirit of loneliness must have pervaded this home on account of the above loss. He loved children, and in the midst of his gloom, his affection became centered upon Ida and Ernest Fishback, children of his sickly brother, who needed assistance. In their presence, as members of his family, he foresaw that a part of the former loneliness at least, occasioned by the death of his own children, might be dissipated. He was under no financial obligation to any of his relatives, nor does it appear that he entertained any special affection for them. Is it any wonder that James E. Fishback, under the circumstances aforesaid, should have agreed with his own brother that these helpless infants should be taken and adopted as his own children, with the rights of a child to inherit his property?

While it has been said that the enforcement of contracts of this character is an exception which courts of equity have engrafted upon the Statute of Frauds, yet in a proper case, like the one at bar, the exception in this State is as clearly recognized as the Statute of Frauds itself. [Kay v. Niehaus, 298 Mo. l. c. 205; Holloway v. Jones, 246 S. W. l. c. 590; Fishback v. Prock, 242 S. W. 962; Kerr v. Smiley, 239 S. W. 501; McCary v. McCary, 239 S. W. l. c. 850; Remmers v. Remmers, 239

S. W. 1. c. 513; Dillman v. Davison, 239 S. W. 1. c. 507; Craddock v. Jackson, 223 S. W. 924; Fisher v. Davidson, 271 Mo. 195, 195 S. W. 1024; Lindsley v. Patterson, 177 S. W. 826; Martin v. Martin, 250 Mo. 539; Lynn v. Hockaday, 162 Mo. 111; Nowack v. Berger, 133 Mo. 24; Healey v. Simpson, 113 Mo. 340; Sharkey v. McDermott, 91 Mo. 647.]

The foregoing authorities deal with the law relating to the enforcement of oral contracts of adoption. We deem it unnecessary to quote therefrom, but they clearly recognize the right of a court of equity and conscience to enforce contracts of this character. They likewise sustain the finding of facts heretofore set out.

The contract of adoption is not inconsistent with the second contract pleaded in the cross-bill. Under the law

Consistent Agreement.

an adopted child would have no greater rights than if he were the actual child of decedent. Consequently the adopting parent might sell and dispose of his property, so that no estate was left. [Steele v. Steele, 161 Mo. 1. c. 576.] On the other hand, the second contract could be enforced against the land itself. The consistency of these matters was clearly recognized in Fishback v. Prock, 242 S. W. 962.

III. The evidence clearly shows that James E. Fishback orally promised defendant, Ida Fant Prock, shortly before she and her husband moved on the farm in controversy, in February, 1913, that if she and her husband

Parole Agreement: Performance.

would give up their then plans, move to said farm, nurse him, attend to his wants, and care for him the balance of his days, he would give her said farm. The evidence discloses that she accepted said proposition; that she and her husband moved on said farm in February, 1913, and fully complied with all the above requirements. The decree of the circuit court in respect to this matter is well sustained by the authorities in this State. [Gupton v. Gupton, 47 Mo. 37; Alexander v. Alexander, 150 Mo. 579; Berg v. Moreau, 199 Mo. 416; McQuitty v. Wil-

hite, 247 Mo. 163; Merrill v. Thompson, 252 Mo. 714; Bryant v. Stahl, 217 S. W. 31.]

IV.  The trial court is charged with error in excluding statements made by James E. Fishback to different parties without the presence of Ida Fant Prock, which tended to show that he never made the last agreement pleaded in the answer.  Appellants offered to prove by Marion Gillespie that after the return of respondents to the farm in controversy, James E. Fishback stated to him: "I was lonesome; I had no use for Mr. Prock, I was lonesome and I had to have a home.  I loved Fantie and I concluded I would bring them back, they could be a help to me and I could give them a start on the farm; they could work the farm and I could give them a start that way."  It is conceded that Ida Fant Prock was not present when this conversation is alleged to have occurred.

The contract claimed by respondents to have been made with James E. Fishback in 1912 or 1913 was entered into before any of these conversations are alleged to have occurred.  It is not claimed that Ida Fant Fishback was present when any of said conversations are alleged to have taken place.  These statements were offered as evidence tending to show that James E. Fishback made no such contract as that relied upon by respondents.  We are of the opinion that the court committed no error in overruling the above offers of proof. They are classed under the law as self-serving declarations.  [Pursifull v. Pursifull, 257 S. W. 117; Townsend v. Schaden, 275 Mo. 227.]

In the Pursifull case, supra the court was dealing with an adoption case, where statements of the above character were offered in evidence.  On page 118, Judge GRAVES, in behalf of Division One, in which all the members of said Division concurred, said:  "These self-serving statements were long after the date of the contract, if one was made.  They were incompetent, and the court erred in receiving that evidence, and in weighing it in

the final determination of the case. [Townsend v. Schaden, 275 Mo. l. c. 244, 204 S. W. 1076, and cases cited therein; Bosard v. Powell, 79 Mo. App. l. c. 187; 22 C. J. p. 220, par. 193.]''

In Townsend v. Schaden, 275 Mo. l. c. 244, we said: ''Appellant claims that 'the court erroneously excluded letters and statement of Townsend made or written subsequent to October, 1907, showing that he had not given any bonds in 1907 to plaintiff.' If any such letters were written, or statements made by George Townsend, subsequent to October, 1907, and they were offered in evidence for the purpose of showing that he had not given any bonds in 1907 to plaintiff, they were properly excluded as self-serving declarations and incompetent for that purpose. [O'Day v. Annex Realty Co., 191 S. W. l. c. 46 and cases cited; 12 R. C. L. sec. 43, p. 971; Tyler v. Wright, 164 Mich. 606; Dalby v. Maxfield, 244 Ill. 214; Reese v. Trust Co., 218 Pa. 150; Driscoll v. Driscoll, 143 Cal. 528; Baker v. Baker, 43 Ind. App. 26; Dillivan v. German Savings Bank, 124 N. W. (Ia.) 350.]''

The above assignment of error is overruled.

V.   We have endeavored to cover all the main questions presented in the voluminous record and briefs before us. The case has been ably tried by both court and counsel. Upon a careful reading of the record, we find no adverse rulings of the court of which appellants can legally complain. We think the contract of adoption as well as the subsequent contract of 1912, or 1913, are consistent with each other, and that both have been sustained by clear and convincing evidence. The trial court, at the conclusion of the evidence heretofore set out, rendered its judgment and decree, which we hereby approve as follows:

*Conclusion and Judgment.*

''The court further finds that plaintiffs are not the owners of said real estate and have no interest therein and are not entitled to the possession thereof and not entitled to partition herein, and the court finds against the plaintiffs and for the defendants on both counts of

the plaintiffs' petition, and the court finds against the plaintiffs and in favor of defendants on the joint and separate answer of defendants, and finds, that Ida Fant Prock is the owner in fee simple of the real estate above described.

"Wherefore, the court does order, adjudge and decree that the said Ida Fant Prock is the daughter of said James E. Fishback by adoption and as such is his sole and only heir at law, and as such is the sole owner of the real estate above described; that there be specific performance of the contract under which said Ida Fant Prock moved to said land in February, 1913, and that the same be and it hereby is sepecifically enforced and carried out, and that plaintiffs be and they hereby are divested of the record title to said real estate, and the said title is hereby vested in defendant, Ida Fant Prock, as the owner in fee simple thereof under the contract under which she moved to said farm in 1913, and that plaintiffs be and they hereby are forever barred, precluded and estopped from claiming said real estate or any part thereof or any interest therein, and that defendant Ida Fant Prock is the fee simple owner thereof.

"The court does further order, adjudge and decree that plaintiffs take nothing by their suit on either the first or second count of their petition and that defendants recover their costs herein expended and that they have execution hereof."

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM :—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, P. J.,* who dissents.