DELIA SCHROCK, Administratrix, ET AL. v. W. E. DECKER, BELINDA I. DECKER and BRUCE DECKER, Appellants.—152 S. W. (2d) 104.

Division One, April 18, 1941.

Rehearing Denied, June 12, 1941.

*Poague & Poague* and *Oliver & Oliver* for appellants.

*Sam Mandell, Cowgill & Popham, Crouch & Crouch* and *Wm. Kimberlin* for respondents.

34

GANTT, P. J.—Action in the probate court of Johnson County to discover assets of the estate of Frank L. Decker, deceased. He left as his heirs at law a brother, defendant Willard E. Decker,

and plaintiffs, Delia Schrock, Fred Decker and Durrell Decker, children of Delia Decker, a deceased sister, who married William Decker. Delia Decker and William Decker, although having the same surname before marriage, were not related. All the parties reside near Latour, Johnson County, Mo. Willard E. Decker and Delia Schrock were appointed administrator and administratrix of the estate.

The probate judge disqualified and transferred the case to the circuit court. He was a material witness. [Sec. 2444, R. S. 1939.] On change of venue, the case was transferred to the Circuit Court of Henry County. In that court plaintiffs had judgment against Willard E. Decker for $16,480.89, judgment against Willard E. Decker and Belinda I. Decker, his wife, for certain certificates of the Farm & Home Savings & Loan Association of Nevada, Mo., and judgment against Bruce Decker, son of Willard and Belinda I. Decker for a diamond ring. In other words, the jury found that the defendants were wrongfully withholding said property from the estate and accordingly entered judgment. In due course the defendants appealed.

Of course, the interrogatories and answers are the pleadings and settle the issues involved. [Starks v. Lincoln, 316 Mo. 483, 291 S. W. 132; Spencer v. Barlow, 319 Mo. 835, 5 S. W. (2d) 28.]

In substance, an interrogatory alleged that Willard E. Decker withheld from the estate $16,480.89 on deposit in two California banks.

Willard E. Decker answered that he withdrew said money from the banks after the death of Frank L. Decker; that the money was deposited in the banks by Frank L. Decker to the credit of Frank L. Decker and Willard E. Decker, as joint tenants; that under the law of California a deposit in such form, in the absence of fraud or undue influence, is conclusive evidence of the intention of the depositor to vest title to the money and the additions thereto in the survivor. [Sec. 15a, p. 444, 1929 Statutes of California; Wallace v. Riley, 23 Cal. App. (2d) 654, 662.] In this connection it should be stated that Willard E. Decker testified that the joint tenancies were gifts to him by Frank L. Decker.

In substance, another interrogatory alleged that Willard E. and Belinda I. Decker withheld from the estate certain certificates ▮▮▮ in the Farm & Home Savings & Loan Association of Nevada, Mo.

Willard E. and Belinda I. Decker answered that Frank L. Decker, several years before his death, gave said certificates to them and that he thereafter endorsed the same to them on the back of the certificates.

In substance, another interrogatory alleged that Bruce Decker withheld from the estate a diamond ring.

Bruce Decker answered admitting that he had possession of the ring and alleged that the same was a gift to him by his uncle Frank L. Decker.

In the circuit court plaintiffs filed a reply in which they alleged that the money was deposited in the banks in California to the credit

of Frank L. Decker and Willard E. Decker, under the agreement of Frank L. Decker and Willard E. Decker that Willard ''was to be and was a trustee'' of the money for the purpose of delivering the same to the estate of Frank L. Decker for distribution under the Laws of Missouri by the probate court of Johnson County, Mo., the home of Frank L. Decker. The reply further alleged that Willard E. Decker instigated the trust arrangement on the pretense of evading inheritance taxes in California and now claims the money as a survivor.

Defendant Willard E. Decker moved to strike the reply from the record. In doing so he alleged that the reply tendered issues equitable in nature; that the probate court had no jurisdiction of such issues; that the reply converts the joint action to one in equity against Willard E. Decker and one at law against Bruce Decker, and that it attempts to convert an action at law into one in equity. The court overruled the motion.

I. Defendant Willard E. Decker contends that under the reply the circuit court, sitting as a probate court, was without jurisdiction.

Plaintiffs abandoned the reply and the case was tried under Sec. 15a, p. 444 of the 1929 statutes of California relating to joint tenancy deposits in banks, which statute was pleaded by the defendants.

Defendants acquiesced in the trial of the case as an action at law. It was submitted to the jury on the issue of whether or not the joint tenancy deposits in the banks of California were the result of the fraud or undue influence of Willard E. Decker. If the joint deposits were the result of fraud or undue influence, title to the money was not conclusively transferred to Willard E. Decker.

II. Defendants also contend that there was no substantial evidence tending to show that Willard E. Decker unduly influenced Frank L. Decker to deposit the money in the banks in California in joint tenancy.

In answer to this contention plaintiffs in their brief summarized the facts in evidence tending to show undue influence. The record sustains the summary. We are not in doubt on the question. Clearly, there was substantial, competent, evidence tending to show undue influence. In defendants' reply brief the question is submitted without directing attention to the absence of any fact or facts necessary to a finding by the jury of undue influence. In this situation we will not lengthen the opinion by an unnecessary detailed statement of the facts.

III. Defendants also contend that the court erred in admitting in evidence the holographic will of the deceased and the memorandum signed by him and attached to the will.

They were offered as tending to show the intention of the deceased with reference to the ring, Home and Loan stock and the deposits in joint tenancy in California. The deposits were made on May 14, 1930, and March 10, 1936. The will was dated September 7, 1936, and the memorandum July 1, 1936.

The will made several specific bequests—gave the diamond ring to Bruce Decker, the Home and Loan stock to Willard E. Decker, and all other stocks, bonds and money to Willard E. Decker, to be by him equally divided between himself and the children of the deceased sister. Willard E. Decker and Delia Schrock were named executor and executrix.

The memorandum directed that at his death the contents of a safety deposit box in California in the names of Frank L. Decker and Willard E. Decker be delivered to Willard E. Decker.

Defendants directed the attention of the trial court to the fact that the will and memorandum were excuted sometime after the time of the alleged gifts of the ring, Home and Loan stock and the joint deposits in California, and objected to the admission of said documents in evidence as in violation of the hearsay rule, in that the documents did not tend to show the ██ intention of the deceased at the time of the alleged gifts.

The will and memorandum should not have been admitted in evidence. The ruling of the court on the question was in direct conflict with cases as follows: Townsend v. Schaden, 275 Mo. 227, 204 S. W. 1076; Commerce Trust Co. v. Langley, 321 Mo. 124, 9 S. W. (2d) 923; Fishback v. Prock, 311 Mo. 494, 279 S. W. 38; Littig v. Urbauer-Atwood Heating Co., 292 Mo. 226, 237 S. W. 779; Jones v. Falls, 101 Mo. App. 536, 73 S. W. 903. The cases cited by plaintiffs sustaining the admission of hearsay on an issue of undue influence in will contests are not in point.

Other contentions of the defendants, wholly without merit, are not ruled.

The judgment is reversed and the cause remanded. All concur.