454

## WHITE v. FITZGERALD, Judge.
### No. 21916.

Kansas City Court of Appeals.
Missouri.
Dec. 7, 1953.

M. E. Ford, Gene Thompson, Maryville, for appellant.

Robison & Miller, Maysville, for respondent.

BROADDUS, Judge.

This proceeding is for a writ of prohibition and originated in the Circuit Court. The facts of the case are:

On September 30, 1948, Lydia Cleveland, administratrix of the estate of Hollis C. White, deceased, filed in the Probate Court of DeKalb County, Missouri, an affidavit for discovery of assets. Therein she alleged that petitioner in the instant case, Hollis Newcomb White, has "concealed or is otherwise wrongfully withholding certain property of said estate, being particularly $2000 in cash and currency; that all the foregoing property is now in the possession of the said Hollis Newcomb White, or under his control, and that the same should be recovered for the estate of said Hollis C. White, deceased; that the said Hollis Newcomb White should be cited and compelled to appear" before the Court and examined under oath concerning such concealment of unlawful withholding of such property.

Thereafter a citation was issued and served upon petitioner, interrogatories were propounded and answered by him, and a hearing thereon was held by the Probate Court. The record recites that a jury was waived, and on February 8, 1950, the Probate Court entered a judgment. That judgment recites and finds "that said H. N. White (Hollis Newcomb White) has concealed, and now unlawfully is withholding the sum of $2000 in cash, which

was the property of H. C. White, deceased, in his lifetime, and belongs to said estate."

The judgment further ordered that the said Hollis Newcomb White forthwith deliver to the administratrix the sum of $2,000, and that she have and recover from him her costs and charges. No appeal was taken from that judgment.

The Probate Court's order not having been complied with, nor the judgment paid, on January 6, 1951, a commitment was issued ordering that the said Hollis Newcomb White be committed to the De-Kalb County Jail for contempt, there to be confined until he complied with the orders of the Probate Court.

Thereafter, the said Hollis Newcomb White sued out a writ of habeas corpus in this Court. We held, White v. Hutton, 240 S.W.2d 193, that the commitment for contempt and that portion of the judgment on which it was founded was without authority of law, and discharged petitioner from custody.

Thereafter, on September 8, 1952, an order was issued by the Probate Court directing the petitioner herein to appear before the Court on November 17, 1952, for supplementary examination as to his ability and means to satisfy the judgment rendered by said Probate Court on February 8, 1950.

On October 1, 1952, petitioner filed a motion in the Probate Court to quash and recall the order issued on September 8, 1952, on the ground that the court was without jurisdiction. His motion was overruled and he then brought the present proceeding in the Circuit Court praying for a writ of prohibition, commanding the Probate Court "to desist from any further proceedings in said action."

The Circuit Court refused to issue the writ, and petitioner, Hollis Newcomb White, appeals.

█ Before taking up petitioner's contention it is, perhaps, well to state that the affidavit to discover assets filed by the administratrix was authorized by Section 462.400 RSMo 1949, V.A.M.S., and in proper form. That section declares that when an affidavit is filed alleging that " * * * any person has concealed or embezzled, or is otherwise wrongfully withholding any goods, chattels, money, books, papers or evidences of debt of the deceased, and has them in his possession or under his control, the court may cite such person to appear before it, and compel such appearance by attachment."

As provided by Sec. 462.410, the written interrogatories were filed and were answered. The next step taken was authorized under Sec. 462.430. That section provides for waiver of jury (which was done); then the statute says that the Court shall try the issue in a summary manner and "judgment shall be rendered according to the finding and for costs, and if convicted, the court shall compel the delivery of the property detained by attachment of his person for contempt, and the court shall commit him to jail until he comply with the order of the court."

Petitioner, in his brief, states his position as follows: "The said probate court is now proceeding under and by virtue of Sec. 513.380 et seq. to discover what property Hollis Newcomb White has that would be subject to execution to satisfy a general judgment. The probate court evidently assumes that the purported judgment rendered by it on Feb. 8, 1950, in the proceeding to discover assets was a general money judgment against Hollis Newcomb White and in favor of the estate. It is our contention that the probate court could not render such a judgment and if (it) attempted to do so the court was acting in excess of its jurisdiction.

"Possession of the assets claimed to be a part of the estate at the time of the commencement of the action being one of the requirements of the statute and an essential element of jurisdiction it is necessary that the court find that the party cited to appear did, in fact, have the claimed assets in his possession or under his control at the time of the commencement of the action.

"This court has already ruled that the Probate Court failed to find this essential element of jurisdiction. White v. Hutton, Sheriff, 240 S.W.2d 193."

Our former opinion recites the facts in this controversy and discusses the statutes and decisions in Missouri under this discovery of assets authorization from the beginning.

On page 201 of 240 S.W.2d of the opinion this language appears:

"Two related questions arose in the course of time under the sections as above amended, and with which we are here concerned. First, could there be any recovery in such proceedings for the value of the detained assets when they had been disposed of by the party charged? Second, can the contempt provisions of the statutes, Sec. 66 (now Sec. 462.430) be imposed for failure to obey the order for delivery of the specific property alleged to have been detained when the property is, in fact, not in the possession or control of the party charged?"

Continuing, the opinion cites Davis v. Johnson, 332 Mo. 417, 58 S.W.2d 746, and quotes this language from that decision:

"It is manifest that the issues do not describe any specific property or money of which delivery in specie is sought; so that, for the moment, the provision of the statute which relates to delivery and the commitment of a defendant for his refusal to deliver upon his conviction, may be laid out of view. Let it, then, be assumed that upon a trial it be found that the original defendants received certain moneys and other personal property belonging to the deceased testator, and had withheld and converted the same in an amount and value shown. Is there any reason why the court could not, as required by the statute, 'render judgment according to the finding'? We know of none, and none has been pointed out."

Further, our opinion said:

"Thus it appears that a judgment for the value of assets found to have been detained by the party charged in such proceeding may be rendered in accordance with the finding, and the punitive features of the statutes disregarded, if waived or made necessary by the findings, but there appears no authority for the application of the penalty for failure to comply with the judgment of the court for delivery of specific property or the value thereof, when there is no finding that the party charged has the same in his possession or control. If such a judgment under the conditions last described has any force or effect at all, which we do not here determine, it would be, at most, a mere judgment for debt, for the default of which no contempt and imprisonment could apply. If it purports to be a judgment to be enforced by attachment and imprisonment as for contempt, then it lacks an essential element to make it so, namely the finding of present possession or control."

The above language, together with that appearing in the closing paragraph of our opinion, makes it plain that our former holding does not aid petitioner in the instant case. We were there dealing solely with the penalty provision of the statute, and said of the judgment, whether it has any force as one "for debt * * * we do not here determine * * *." We were careful to say that "So far as this proceeding is concerned," and "to that extent" the judgment is invalid because it did not contain a "finding of present possession and control."

In our opinion the instant proceeding is governed by the case of State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W.2d 446. There the contest was between two estates, each claiming the same assets. Relators, as executors of one estate, challenged Judge Flynn's jurisdiction to entertain a suit against them in the circuit court for conversion of those assets. That conversion suit was filed by the administratrix of another estate after she had already brought a proceeding against relators in the probate court to discover the same assets. Relators' theory was that since the two proceedings were essentially the same, and the probate court having first acquired jurisdiction, that, therefore, the circuit court

had no jurisdiction to proceed against them in the conversion suit. Respondents contended that a discovery of assets proceeding in the probate court can be maintained only when the disputed assets were in the possession or under the control of the party charged (relators there) at the time of the institution of the proceeding by the filing of the affidavit. The Supreme Court rejected that contention and held that the probate court could render a money judgment as for conversion; that the circuit court was encroaching on the summary and exclusive jurisdiction of the probate court and prohibited the former from proceeding further.

■ This Lipic case also adheres to the now well-established rule that in a proceeding under the statutes to discover assets the issues are not confined to those tendered in the initial affidavit. On the contrary, they are made by the more detailed written interrogatories and answers thereto, and may take a wider scope and broaden the issues.

As said in the case of In re Decker's Estate, 348 Mo. 32, 152 S.W.2d 104: "Of course, the interrogatories and answers are the pleadings and settle the issues involved. Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132; Spencer v. Barlow, 319 Mo. 835, 5 S.W.2d 28."

■ Turning now to the issues in the instant case as made up by the interrogatories and the answers thereto, we find that: By the interrogatories it was asked of petitioner whether or not he was at the time of the death of the decedent the holder of $2,000 in currency, which had been delivered to him by decedent for safe-keeping; if, at the time of the death of decedent, he had in his possession said sum, which was the property of the decedent; and whether or not petitioner had during the lifetime of the decedent delivered said money back to the decedent; and whether or not he then had in his hands said sum of money, which was owned by the decedent on the date of the alleged delivery thereof to petitioner. To such interrogatories, petitioner made answer, generally denying all of them. Thus, issues were made pertaining to the delivery by the decedent, the receipt and possession and failure to return the sum of $2,000 by petitioner. Those issues having been resolved against petitioner, authorized the rendition of a general or money judgment against him. The judgment was responsive to those issues.

Our holding finds further support in the well-considered case of In re Weingart's Estate, Mo.App., 170 S.W.2d 972. There, the court, after an exhaustive review of the authorities, approved the giving of an instruction which charged the jury that if they found that at the time of deceased's death defendant had in his possession $1,500, which belonged to deceased; that demand had been made upon defendant to account to the estate for said sum; and that the demand had been refused; then the jury should find against defendant and in favor of the estate in the sum of $1,500 with interest. It is to be noted that the approved instruction did not require a finding, which petitioner in the instant case says is essential, that the claimed assets were in defendant's possession or under his control at the time of the commencement of the action.

In the En Banc opinion of the Supreme Court in the In re Lipic's Estate case, 362 Mo. 623, 243 S.W.2d 100, 105, cited by petitioner, *it was conceded that respondents never had possession or control of the claimed assets.* The opinion holds that *"under these circumstances* appellant may not have a money judgment in this proceeding against respondents for the alleged value of the claimed assets." (Italics ours.)

The judgment is affirmed.

All concur.