281 S.W.2d 549 (1955)
Matter of the ESTATE of George H. OBERMAN, Deceased.
Hilda LAPE, Administratrix (Plaintiff), Respondent,
v.
George OBERMAN, Jr. (Defendant), Appellant.
No. 29111.
St. Louis Court of Appeals. Missouri.
July 19, 1955.
Rehearing Denied September 9, 1955.
*550 R. P. Smith, Cape Girardeau, for appellant.
Raymond H. Vogel, Cape Girardeau, for respondent.
*551 ROBERT L. ARONSON, Special Judge.
This cause is a proceeding for the discovery of assets, under Section 462.400, ff. RSMo 1949, V.A.M.S., instituted by the filing of an affidavit by respondent administratrix, wherein the Cape Girardeau Court of Common Pleas, sitting as a probate court, Section 480.020(4), entered judgment that the appellant was unlawfully withholding and must deliver to the administratrix certain specified items of personal property, from which order appellant has appealed to this court. The articles encompassed by the judgment are one farm tractor and cultivator, one disc harrow, one hospital bed and one household refrigerator; the value of these articles was not clearly shown, but it is nowhere contended that they were of value exceeding the jurisdictional limits of this court, and quite obviously the appeal properly comes here.
The administratrix was the daughter of the decedent, George H. Oberman (some-times spelled as Obermann) while the appellant was his son. One of the assignments of error is that respondent's appointment was improperly made; but we note that there is no mention in the motion for new trial, which necessarily preceded this appeal, that there was any impropriety in the appointment of the administratrix and therefore the issue is not preserved for our consideration. State ex rel. Morton v. Cave, 359 Mo. 72, 220 S.W.2d 45, loc. cit. 49.
The affidavit whereby this cause was commenced mentioned nine distinct items or categories of personal property allegedly withheld from the estate. However, as aforesaid, the judgment found appellant liable only as to four items. Since the administratrix has not appealed, the other five of her original claims have now dropped out of the case.
In connection with what is here involved, we note that the judgment refers to a "farm tractor and cultivator," whereas the affidavit and the interrogatories and amended answer thereto, which constitute the pleadings in such a case as this, Spencer v. Barlow, 319 Mo. 835, 5 S.W.2d 28; Dusenbery's Estate v. Stamm, Mo.App., 255 S.W.2d 57; White v. Fitzgerald, Mo.App., 263 S.W.2d 454, mention only a farm tractor. Inasmuch as evidence was received without objection, that the tractor and cultivator were bought together, and same were repeatedly referred to as one implement (and because, also, no point is made here that the cultivator should not have been included in the judgment) we consider that the pleadings may be deemed to have been amended by consent and to conform to the proof, and the inclusion of the cultivator in the judgment is not improper, as beyond the pleadings. Section 509.500 RSMo 1949, V.A.M.S.
Incidentally, the record of evidence herein is somewhat confusing because there was tried, simultaneously with this cause, an action in equity to set aside a deed conveying title to farm land. The appeal in that case, since it involved title to real estate, was taken to the Supreme Court of Missouri, where it is pending as cause No. 44,456 of that court.
When we eliminate the evidence which related solely to the issues in the equity case, as well as that which pertained only to the items in the affidavit which were adjudged favorably to appellant, we find rather meager testimony remaining to be mentioned here.
George H. Oberman, Sr., whose home was near Dutchtown in Cape Girardeau County, died in April, 1952, at the age of 80, survived by three children, the administratrix, the appellant and Fred Oberman. Of these only the last-named was a witness on the phases of the case in which we are interested. He testified that his father had bought the tractor and cultivator at Sikeston six years before for around $2,500 and same now was worth $1,200 or $1,500; his father had bought the disc harrow from Schneider Equipment Company for $240 about five years before and it was now worth $140; and his father had these at the time of his death. Among household furnishings his father had a gas refrigerator which he had bought four years before; also, a hospital bed bought six years before *552 for $35. After his father died, his brother George, Jr., (appellant) told him he had bought everything for $100.
A bank officer testified that Mr. Oberman, Sr., had executed a chattel mortgage on the tractor and cultivator on March 4, 1948, and as well as a note secured thereby, in the amount of $1,500. The reverse side of the note bore notation of payments fully satisfying it.
Mabel Kindred testified that Mr. Oberman, Sr., had told her he had a tractor and a half interest in a disc; also, Mr. Oberman had bought a refrigerator one year before he died and she was with him when he bought a hospital bed. Three days before he died he said "that George (appellant) had never paid him a penny and wasn't going to he didn't guess."
The defense presented two witnesses, appellant's fellow workers, D. J. Rush and Emil Heatley, who testified that they witnessed the signing by Mr. Oberman on January 12, 1952, of a bill of sale, Exhibit 2. Appellant was present and had asked them to come to the house to witness the signing. Mr. Rush said that Mr. Oberman stated he wanted to sell his half of the property to George, Jr. Mr. Heatley quoted him as saying, "he wanted George to have it, he said that's the way he wanted it."
The bill of sale thus identified and then introduced in evidence by appellant read as follows:
"Know All Men By These Presents, that the undersigned George H. Obermann, of Cape Girardeau County, Missouri, for and in consideration of the sum of One Hundred ($100.00) Dollars in hand paid, receipt whereof is hereby acknowledged, does hereby grant, bargain and sell, transfer and deliver to George H. Oberman, Jr., the following described personal property, to-wit:
"All of Grantor's undivided one-half interest in and to all farming tools, including tractor and disc, and all household goods located at the farm of these parties about 1¼ miles southwest of Dutchtown, Missouri.
"To Have and To Hold the said personal property until the said Grantee, and his Executors, Administrators and Assigns forever, the said Grantor hereby covenanting that he is the owner of said undivided interest, that he has good right to sell and transfer the same, that the same is free and clear of all encumbrances, and that he will warrant and defend the said Grantee in the peaceable possession thereof, against the lawful claims of all persons whomsoever.
"In Witness Whereof, the said Grantor has hereunto set his hand at Cape Girardeau County, Missouri, in the presence of these witnesses, this 12th day of January, 1952.
"S/ George H. Obermann."
This instrument was filed for record with the County Recorder of Deeds on August 9, 1952, approximately four months after Mr. Oberman died.
Appellant did not offer himself as a witness, recognizing that objection might have been made to his testimony under the "Dead Man's Statute," Section 491.010, yet it is possible that such objection would have been waived, so that counsel for the administratrix could cross-examine him. See Morley v. Prendiville, 316 Mo. 1094, 295 S.W. 563, 566. But appellant allowed no such choice.
Thus there was no evidence of the delivery of the bill of sale, or of the payment of the stipulated consideration, other than what has already been recited.
In his pleading appellant had alleged that he acquired one-half interest in the property involved in the present appeal, by same being given to him as consideration for his moving onto his father's farm in 1946 and commencing to operate same as a partner with his father. There was no evidence offered to support this allegation.
This being a non-jury case as tried below, our function is defined by Section 510.310 RSMo 1949, V.A.M.S., as being to review the case on both the law and the evidence, not setting aside the judgment unless clearly erroneous, with due regard *553 for the trial judge's opportunity to determine the credibility of witnesses. Beckemeier v. Baessler, Mo., 270 S.W.2d 782.
Appellant contends that the judgment must be reversed because beyond the jurisdiction of the trial court as a probate court. He has briefed the proposition that a probate court lacks equity jurisdiction and so cannot order cancellation and invalidation of a written instrument; and then asserts that to have decided the issues against him necessarily involved a cancellation of his bill of sale. He quotes the trial judge as stating orally that he was cancelling and setting aside the bill of sale.
While appellant is correct that probate courts do not possess, and may not exercise, equity powers, yet appellant overlooks the fact that a corollary rule is always to be added, that probate courts can and do apply equitable principles in their adjudication of their law cases. State ex rel. Baker v. Bird, 253 Mo. 569, 162 S.W. 119, loc. cit. 122; In re Ermeling's Estate, Mo.App., 131 S.W.2d 912, loc. cit. 915; State ex rel. North St. Louis Trust Co. v. Wolfe, 343 Mo. 580, 122 S.W.2d 909, loc. cit. 911.
A court speaks only through its judgment, and the verbal statement is of no legal significance and is to be disregarded. The formal written judgment in the court's records and in the transcript on appeal is the only judgment here.
In this case the court did not cancel the bill of sale, nor otherwise exercise equitable authority. It was not asked to cancel the bill of sale, nor did it do so. Its judgment contains not a word about the bill of sale, but is simply an adjudication of wrongful withholding of described property and an order that same be delivered to the administratrix of the estate. This order was within the scope of its specified authority, conferred by state. Compare Lemp Brewing Co. v. Steckman, 180 Mo.App. 320, 168 S.W. 226.
For appellant to assert that this judgment is tantamount to a cancellation of the bill of sale does not make it a decree in equity, beyond the jurisdiction of the court. Cancellation being avoided, an order of restoration may yet be made, as in In re Ermeling's Estate, supra.
Here the bill of sale was but one item of evidence. The issue to be determined was one at law, under our probate statutes: was personal property which belonged to the decedent's estate wrongfully concealed and withheld, or not. There was no dispute that appellant held the personal property. The question was, Did it belong to the estate? The bill of sale, as stated, was merely evidence, albeit appellant's chief reliance. As with all evidence it was for the court, as trier of the facts, to decide what weight and effect to give this evidence. To give it little or no effect, as appears here to have been done, is by no means to declare an instrument cancelled. Therefore, we rule that the judgment on this citation for discovery of assets was within the jurisdiction of the trial court.
With this disposition of appellant's contention goes also, as a necessary corollary, our conclusion that there is no relevancy here for appellant's point that evidence in a suit in equity to cancel an instrument must be clear, cogent and convincing, as held in such cases as McCoy v. McCoy, 360 Mo. 199, 227 S.W.2d 698. Here the applicable rule is that the burden of proof rested upon appellant after the administratrix made a prima facie case. The proof here was that decedent had purchased all the items in controversy, and same were in his possession when he died. This made a prima facie case for the administratrix.
Insofar as the transaction between the father and appellant may be considered as a gift (either because no consideration was actually paid in connection with the purported sale or because of the great disparity between the ostensible consideration and the actual proved values) the cases make it clear that the burden of proof rests on the recipient to prove a valid, completed gift. Spencer v. Barlow, 319 Mo. 835, 5 S.W.2d 28, 32 (holding an instruction placing the burden of proof upon plaintiff in *554 this type of situation to be reversibly erroneous); Cremer v. May, 223 Mo.App. 57, 8 S.W.2d 110 (holding that defendant's proof must be clear, unequivocal and convincing); In re Martin's Estate, 219 Mo.App. 51, 266 S.W. 750.
Even when, in this type of proceeding, property is claimed under a business transaction between members of a family, it is said in Denny v. Brown, Mo.Sup., 193 S.W. 552, 554, that "the amount and character of evidence required to support the claim (of defendant) are almost analogous to that required in gifts causa mortis, namely, it must be clear, cogent, positive, unequivocal, and convince the judicial mind beyond a reasonable doubt." (Parenthesis ours.)
In In re Jacobs' Estate, 238 Mo.App. 833, 188 S.W.2d 956, the defendant claimed that decedent had paid him $608.97 before her death as a commission or compensation for services rendered. It seems to have been agreed by all parties that the burden rested upon defendant to prove that decedent authorized him to retain the money.
In Kunst v. Walker, Mo.App., 43 S.W.2d 886, 889-890, the late Judge Bennick observed, for this court:
"Likewise, in determining the weight of the evidence, the jury were entitled to consider the fact, shown by the evidence, though disputed, that defendants did not assert their title until after the death of the deceased, for the general rule requiring gifts inter vivos to be established by clear and cogent evidence is especially applicable where the gift is not asserted until after the donor's death. Jones v. Falls, 101 Mo.App. 536, 73 S.W. 903; Reynolds v. Hanson (Mo. App.) 191 S.W. 1030; In re Van Fossen (Mo.App.) 13 S.W.2d 1076."
See, also, Newell v. Flesh, Mo.App., 255 S.W. 957, and In re Van Fossen, Mo.App., 13 S.W.2d 1076.
It is not necessary, for the disposition of this case, to say whether appellant had the burden to prove his claims by the greater weight of the evidence, or by evidence of more potent effect, as mentioned in some of the foregoing cases. We need only find that the burden of proof rested on him, for under the lightest measure of his duty, he failed to carry it.
As to one half-interest in the farm equipment and household goods here in dispute, appellant in his amended answer to the interrogatories alleged that same became his in 1946 in consideration of his moving to his father's farm and undertaking a partnership operation thereof. We note in passing that the disputed articles were all purchased after that date. However, what is more to the point is the fact that there was absolutely no evidence to support the contention thus alleged. As declared in Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132, statements in the answer to interrogatories do not take the place of testimony.
Concerning the second half-interest in the property described in the judgment, appellant is again in error in his assumption that the bill of sale is conclusive proof of his rights. He exaggerates the effect of a bill of sale. "The execution and delivery of a bill of sale is not ordinarily necessary to pass title to the goods which are the subject of a contract of sale," it is said in 46 Am.Jur., at p. 226; and so the bill of sale is only evidence of a sale.
In the early case of W. W. Kendall Boot & Shoe Co. v. Bain, 46 Mo.App. 581, loc. cit. 592, it was said: "The title to goods and chattels passes with the delivery of possession under a contract of purchase. A bill of sale subsequently executed is merely evidence of a transfer of title, and not necessary to its completion. The instruction should have been given. Gatzweiler v. Morgner, 51 Mo. 47."
Appellant seems to attribute to the bill of sale an importance equivalent to that of a deed of conveyance of realty. The distinctions between the two are made clear by Judge Sturgis of the Springfield Court of Appeals (later Commissioner of the Supreme Court) in Poplin v. Brown, 200 Mo. App. 255, loc. cit. 265, 205 S.W. 411, loc. cit. 414, where he wrote:
*555 "The present case involves a conveyance of personal property by an ordinary bill of sale and we do not think that, in order to determine title to personal property, the defendant must resort to equity in order to cancel and have declared void the bill of sale purporting to vest title in plaintiff. The bill of sale of personal property is not such a muniment of title in plaintiff as requires a suit in equity to have it declared void before defendant can recover such personal property in an action at law. The title and transfer of personal property is accomplished by sale and delivery, and need not be evidenced by a bill of sale or other writing. Kendall Shoe Co. v. Bain, 46 Mo.App., 581, 591; Gatzweiler v. Morgner, 51 Mo. 47; Cunningham v. Ashbrook, 20 Mo. [553] 554; Greer v. Lafayette County Bank, 128 Mo. 559, 30 S.W. 319."
Of course, the foregoing quotation bears also on other issues in this case, hereinabove discussed, as does the following sentence from the same case, 205 S.W. loc. cit. 414: "Whether a claimed transfer of personal property is void or voidable is generally determinable in an action at law without resorting to equity, and the fact that such transfer is evidenced by a bill of sale does not change this rule."
The Poplin case was followed in Lacquement v. Bellamy, Mo.App., 253 S.W. 1073, 1075, an opinion by Judge Bradley, also subsequently a Supreme Court Commissioner. See, also, the very recent case of Mallory Motor Co. v. Overall, Mo.App., 279 S.W.2d 532, loc. cit. 534.
So, clearly, the bill of sale was not a conclusive document of title, but merely evidence, to be considered with other evidence in determining the ownership of the personal property herein. As pointed out, supra, there was no direct evidence of delivery of the document, or of the property. There was no evidence of payment of the $100 purported consideration, but on the contrary, there was evidence, received without objection, that the decedent had told witness Kindred that appellant had paid him nothing.
In these circumstances, should the trial court's finding on the facts be upheld or disturbed, under the rule of Section 510.310, supra? Can we say that the judgment is clearly erroneous? Having in mind the paucity of the evidence presented by appellant, on whom the burden of proof rested, we cannot bring ourselves to disagree with the trial court, in its finding and judgment that the four specified items of personal property belonged to the deceased at the time of his death, have since been wrongfully withheld by appellant, and must now be delivered by him to the administratrix. The judgment is affirmed.
ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.